■ In the Matter of Barney Ehret, Appellant, v. George V. Bates, Jr., et al., Constituting the Zoning Board of Appeals of the Village of Mamaroneck, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to annul respondents' determination, made November 2, 1961 after a hearing, denying petitioner's application for a permit to enlarge a nonconforming gasoline station located on his property in the Village of Mamaroneck, the petitioner appeals from an order of the Supreme Court, Westchester County, dated April 24, 1962, which denied the application and dismissed the proceeding. Order affirmed, without costs. Petitioner's premises are operated as a gasoline service station, a nonconforming use under the Village Zoning Ordinance, which otherwise prohibits such a use in the business district in which the property is located (Zoning Ordinance of the Village of Mamaroneck, art. I, § 8, subd. 11). Section 11 of article I of the ordinance provides, insofar as is here material, that "no existing building * * * devoted to a non-conforming use shall be enlarged, extended, reconstructed, or structurally altered or the non-conform-

ing use therein enlarged, extended or changed except subject to the following regulations: (1) The structural alteration or the enlargement or extension of such a building shall in no case exceed fifty percent of the assessed value of the lot and building." Section 3 of article III of the ordinance provides, *inter alia*, that the Zoning Board of Appeals "may in a specific case after public notice and hearing and subject to appropriate conditions and safeguards determine and vary the application of the regulations herein established in harmony with their general purposes and intent as follows: * * * (2) Permit the extension or enlargement of a nonconforming use or building upon lot occupied by such use or building at the time of the passage of this ordinance although such extension or enlargement involves alterations or additions in excess of fifty percent of the assessed value of the building and lot." Petitioner, seeking to make alterations and extensions in excess of 50% of the assessed value of the building and lot, applied to respondents, the Village Zoning Board of Appeals, pursuant to the last-mentioned provisions of the ordinance, for permission to make such extension and enlargement of the nonconforming use. His application was denied, the Board of Appeals finding that the site was too small for the safe operation of the proposed expanded use and that the enlargement of the use would create increased safety hazards to the thousands of individuals, including many children, who use the facilities of a major municipal park and recreation area, the entrance to which is adjacent to petitioner's premises. The instant proceeding to annul the Board of Appeals' determination was dismissed, the court holding in substance that the board's decision was not illegal, arbitrary or an abuse of discretion. It is our opinion that subdivision 2 of section 3 of article III of the Zoning Ordinance is invalid, in that it constitutes a delegation to an administrative body of legislative power vested in the Village Board of Trustees, without prescribing any standard or rule by which action by that administrative body is to be governed (*Matter of Davison* v. *Flanagan*, 273 App. Div. 870). The provision of the ordinance here involved does not contain the standards "stated in general terms" found to be sufficient in *Matter of Aloe* v. *Dassler* (278 App. Div. 975, affd. 303 N. Y. 878). It is also our opinion that the Board of Trustees did not intend to provide for the enlargement of a nonconforming use in excess of 50% of the value of the property, except upon approval by the Zoning Board of Appeals. With the provision permitting such approval exscinded, petitioner is not entitled to the requested extension of the nonconforming use, which is specifically prohibited by subdivision 1 of section 11 of article I of the Zoning Ordinance (cf. *Matter of Aloe* v. *Dassler, supra*). If we did not affirm for the foregoing reasons, we would do so on the ground stated by the Special Term (cf. *Matter of Lemir Realty Corp.* v. *Larkin*, 11 N Y 2d 20, 24). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.