■ In the Matter of DEMISAY, INC., Respondent, v. MICHAEL N. PETITO et al., Constituting the Town Board of the Town of Oyster Bay, Appellants.— In a proceeding pursuant to article 78 of the CPLR, the Town Board of the Town of Oyster Bay appeals from a judgment of the Supreme Court, Nassau County, dated February 14, 1969, which (1) annulled, without a hearing, the board's determination, made on October 29, 1968, denying petitioner's application for a special use permit to use its premises as a private proprietary nursing home, and (2) directed the board to issue such permit to petitioner "subject to the Rules and Regulations of the New York State Department of Social Welfare as authorized by Article V, Section C-1, Sub-division 6 of the Building Zone Ordinance of the Town of Oyster Bay and subject to such other

reasonable terms and conditions which may be imposed by the Town Board of the Town of Oyster Bay as may be proper under the premises." Judgment affirmed, without costs. In our opinion, there is no evidentiary support for the Town Board's conclusion that the granting of the permit herein would " adversely affect the safety, health [and] welfare * * * of the community." Accordingly, the board's determination " is unreasonable and arbitrary, and may not stand " (*Matter of Young Men's Christian Assn. of Greater N. Y.* v. *Burns,* 13 A D 2d 1009, 1010). We are also of the opinion that among the " reasonable terms and conditions " (referred to in the judgment under review) which the Town Board may impose is a requirement that petitioner preserve the present exterior appearance of its buildings so as to maintain the general character of the neighborhood. Rabin, Acting P. J., Hopkins, Benjamin and Martuscello, JJ., concur; Munder, J., dissents and votes to reverse the judgment and confirm the Town Board's determination denying petitioner's application for a special exception permit, with the following memorandum: Petitioner owns two parcels of land in Amityville, Town of Oyster Bay. At present, petitioner uses the premises as a " private proprietary home for adults " (see Social Services Law, § 2, subd. 26) and seeks permission to change its operation to that of a " private proprietary nursing home ". A nursing home is permitted in the area in which the parcels are located upon obtaining a special use permit, which permit may be granted " when authorized by the Town Board as a special exception, after a public hearing." At bar, after a hearing, the Town Board decided not to authorize the issuance of a special use permit and I see no reason to disturb that determination. The important thing to remember in a case as at bar is that the action by the Town Board in refusing to grant a " special exception " is " by definition and in essential character discretionary and not a denial of a right " (*Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20, 24). The Town Board is a legislative body, but its action is deemed administrative, so that the reviewing court may examine it — and the court must limit itself to this question — as to reasonableness. The courts cannot and should not " supervise the discretionary acts of the hundreds of town boards and town zoning boards in this State "; nor, for that matter, can they intervene " in the absence of clear illegality," for to do so " would be ' contrary to the settled and practical necessities of zoning procedure ' " (*Matter of Lemir Realty Corp.* v. *Larkin, supra,* pp. 24, 25). At bar, the Town Board found that the issuance of the permit and the proposed use thereunder would (1) tend to pollute the subterranean waters in the area; (2) reduce the accessibility of fire and other emergency equipment; (3) increase traffic congestion; and (4) tend to change the character of the area and adversely affect the surrounding residential property values. These reasons all bear a reasonable relation to the public health, safety or welfare and, in varying degrees, are based upon testimony and evidence offered at the hearing. It seems to me the burden was *not* on the board to show that the proposed use was detrimental to the community but on petitioner to show that the board's action was not justified under any reasonable interpretation of the facts (see *Matter of Cunningham* v. *Planning Bd. of Town of Brighton,* 4 A D 2d 313, 318; see, also, *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115, 118; Anderson, Zoning Law and Practice in New York State, § 19.20). In my opinion, petitioner failed to sustain that burden. There are additional reasons why I vote for reversal. Petitioner's position is that it is merely seeking to maintain a lawful nonconforming use. The party asserting such a right has the burden of proving its existence; and petitioner has failed in this regard (and the board so found), specifically with reference to its parcel located on the south side of Lincoln Avenue (see 1 Anderson, American Law of Zoning, § 6.09). Finally, it is my view that the board's answer and other documents offered in support thereof

raised material issues of fact in this proceeding which precluded Special Term from summarily substituting its judgment for that of the board without having these issues resolved at a full trial.