■      In the Matter of JEWELCOR INCORPORATED, Appellant, v LAFAYETTE RADIO ELECTRONICS CORPORATION, Respondent.—In a proceeding by a shareholder of a corporation to, *inter alia,* inspect certain of its books and records, petitioner appeals from so much of an order of the Supreme Court, Nassau County, entered December 11, 1974, directing production of certain books and records, as limited the purposes for which petitioner could use said books and records. Order reversed insofar as appealed from, with $20 costs and disbursements. Under the circumstances, the purposes for which the items furnished to petitioner could be used were improperly limited. Martuscello, Acting P. J., Latham, Cohalan, Christ and Shapiro, JJ., concur.

■      In the Matter of STEPHAN KLEIN et al., Appellants, v HARRY J. SEIGEL et al., Constituting the Board of Zoning and Appeals of the Town of North Hempstead, Respondents.—In a proceeding pursuant to CPLR article 78 to review respondents' determination which denied (1) petitioners' application for a conditional use permit and (2) related applications for area variances, the appeal is from a judgment of the Supreme Court, Nassau County, entered October 4, 1974, which confirmed the determination without a hearing. Judgment affirmed, with $20 costs and disbursements. As petitioners failed to sustain their burden of proving that the proposed use meets the standards specified in the applicable zoning ordinance, the board properly denied their application (see *Matter of Knight v Bodkin,* 41 AD2d 413; cf. *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238). The board's reliance on Findings Nos. 16 and 17 was unwarranted, but there are, as hereinabove stated, other and ample grounds which support affirmance. Gulotta, P. J., Martuscello, Latham and Shapiro, JJ., concur.