OPINION OF THE COURT
Memorandum.
Order of the Appellate Division reversed, with costs, and the determination of the Board of Zoning Appeals reinstated.
The determination of the board, that petitioner’s application did not nor could not, through the imposition of reasonable conditions, meet the standards in the ordinance governing the *802 granting of special exceptions, is sufficiently supported in the record. There was proof that development of a private parking lot in a residential district abutting, a proposed shopping center in a business district would significantly alter the character and quality of the surroúnding residential area, diminish property values, and increase traffic, congestion.
Of course, characterization of a parking lot as a special use or exception permitted with board approval precludes the board from arbitrarily denying applications, and denial solely because there is a general objection to the special use or éxception would be arbitrary (Matter of Pleasant Val. Home Constr. v Van Wagner, 41 NY2d 1028; see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 243-245). It does not follow, however, that requests for special exceptions must always be granted subject only to the imposition of reasonable conditions.
Entitlement to a special exception is not a matter of right (Matter of Lemir Realty Corp. v Larkin, 11 NY2d 20, 24). The stated standards in the ordinance guiding the board’s consideration of special exception applications condition availability of a special exception, and compliance with those standards must be shown before any exception can be secured (e.g., Matter of Mobil Oil Corp. v Oaks, 55 AD2d 809; Matter of C & G Developers v Granito, 53 AD2d 612; Matter of Klein v Seigel, 47 AD2d 924; see 2 Anderson, New York Zoning Law and Practice [2d ed], § 19.01; 2 Rathkopf, Law of Zoning and Planning, pp 54-1-54-30; see, also, ALI, Model Land Development Code, § 2-207, subd [2]). In the North Shore case (supra), resolution of the problem was both simpler and different from this case only because the ordinance there involved stated no elaborated standards.
One caveat is appropriate. Standards governing issuance of special exceptions may not be so general or tautological as to allow unchecked discretion on the part of the zoning board (see 2 Anderson, New York Zoning Law and Practice [2d ed], § 19.11; 2 Rathkopf, Law of Zoning and Planning, pp 54-14-54-30). No such infirmity has been demonstrated to exist in the instant ordinance.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.