In the Matter of COVE PIZZA, INC., et al., Petitioners, v DOROTHY HIRSHON et al., Constituting the Planning Board of the City of Glen Cove, Respondents.

Second Department, February 6, 1978

APPEARANCES OF COUNSEL

*David Quient* for petitioners.

*Nicholas A. Sordi, Jr., City Attorney,* for respondents.

## OPINION OF THE COURT

SHAPIRO, J.

Petitioner Cove Pizza, Inc., is the lessee of premises owned by petitioner J.J.E. Development Corp. Cove Pizza sought approval of an application for a special use permit to operate a pizzeria in the City of Glen Cove. The respondent planning board denied its application. We annul the determination and direct that the application be granted.

Included among the special uses permitted in the B-2 zone, in which the subject property lies, are "[r]estaurants, other

than restaurants of the drive-in type." Petitioners' proposed use of the premises concededly falls within the permitted uses.

Section 24-19 (4) (A) of the Zoning Ordinance of the City of Glen Cove, so far as it is relevant, provides:

"Special Use Permits may be permitted in the district specified, provided that the Board shall determine in its judgment that:

"(1) It is reasonably necessary for the public health or general interest and welfare. * * *

"(4) Neighborhood character and surroundings and property values are reasonably safeguarded and the use will not cause undue traffic congestion".

Respondents, in denying the application, found that petitioners failed to satisfy the requirements of paragraph (1), in that they failed to show "any necessity for the use for which the application was made, nor that such prospective use was in any way related to the public health or general interest and welfare."

Respondents further found that the application was deficient as to paragraph (4) because: (1) petitioners' occupancy would create undue traffic congestion close to a residential zone; (2) the existing restaurants and fast-food establishments generate considerable cooking odors which are a nuisance to those residing in the area; (3) "there are sufficient restaurants and fast-food enterprises presently existing on Forest Avenue, and that the addition of another restaurant, emphasizing take-out service, would add an unnecessary burden to the residential area adjoining the applicant's property, as well as creating an overload of such uses in a limited commercial area"; and (4) "the neighborhood character at the rear of the parking lot could be endangered by groups of people consuming pizzas and alcoholic beverages in the parking lot after normal business hours and creating a disturbance."

In *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston* (30 NY2d 238, 243) the court stated: "[A] special exception allows the property owner to put his property to a use expressly permitted by the ordinance. The inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood".

Thus, the ordinance's inclusion of restaurants (other

than those "of the drive-in type") as a permitted special use precluded the planning board "from arbitrarily denying applications [for such a use], and denial solely because there is a general objection to the special use or exception would be arbitrary" (see *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801) since there is a strong presumption in favor of the use from the "legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (see *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, supra,* p 243).

■ On this record, to the extent that the denial was based on an overabundance of restaurants on Forest Avenue, and on the creation of a burden on the adjacent residential area, it was contrary to the "legislative finding", implicit in the ordinance, that a restaurant would not adversely affect the neighborhood. Furthermore, respondents' interpretation of the ordinance placed an unwarranted burden on the applicant to show that the restaurant would advance the public health or general welfare (see *Matter of Lawfred Realty Serv. Corp. v Waters,* 15 Misc 2d 113). There is here a complete lack of substantial evidence to support the board's finding that the operation of the restaurant would be harmful to the public health or welfare.

Forest Avenue is a main business thoroughfare in Glen Cove. Its traffic pattern and flow is already established because of the presence of two large shopping centers which contain three supermarkets, as well as the usual complement of smaller stores. These include a Woolworth's, auto repair shops, liquor stores, delicatessens, bakeries, drive-in cleaners, hardware stores and a laundromat. Forest Avenue also contains such dining emporia as Friendly's, Arthur Treacher's, Dairy Barn and Carvel, all of which exist as special uses pursuant to permits which were granted by respondents. There is one other restaurant selling pizza on Forest Avenue, but it is not in the immediate area.

The proposed restaurant will occupy 960 square feet, with seating space for 30 patrons. It will be part of an existing two-story building which already has a parking lot and curb cut. In view of the existing facilities and traffic flow on Forest Avenue at the situs of the proposed restaurant, respondents'

finding that there would be an undue burden on the surrounding residential area is unsupported by the record.

Nor does the record support a contention that noxious odors will be caused by the proposed facility, particularly since the plans provide for fans in accord with the city's code. Since no liquor or beer license is involved (and cannot be, since a church is across the street), the fear of adverse effects on the neighborhood because of alcoholic beverages being consumed in the parking lot is unrealistic; surrender to such fear would bar operation of *any* restaurant, or even a grocery or delicatessen which provides parking spaces, merely because it adjoins a residential area.

■ On this record, it was improper to interpret the ordinance as permitting the planning board to fix a quota on restaurants per se or on those serving pizza (see *Matter of Hempturn Realty Corp. v Larkin,* 197 NYS2d 644). In the light of the inoffensivenesss of the proposed facility, the denial of a special use permit was arbitrary and capricious (see *Matter of Highland Brooks Apts. v White,* 40 AD2d 178; *Matter of Spohrer v Town of Oyster Bay,* 29 Misc 2d 366; *Baxter v Gillispie,* 60 Misc 2d 349). If the planning board wishes to exclude restaurants from a certain area, it should seek to amend the ordinance, rather than apply it in a discriminatory fashion.

Our conclusion is not inconsistent with *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead* (43 NY2d 801, *supra).* The special exception application in that case was for a private parking lot *in* a residential district abutting a proposed shopping center and there was substantial evidence to support the conclusion, *inter alia,* that the grant of the application "would significantly alter the character and quality of the surrounding residential area" (p 802). There is no credible evidence to that effect in this case; in fact, the evidence is to the contrary. Therefore, the "caveat" contained in the final paragraph of *Tandem Holding* applies, to wit, that "[s]tandards governing issuance of special exceptions may not be so general or tautological as to allow unchecked discretion on the part of the zoning board" (p 802).

Respondents' determination should be annulled, on the law, and respondents should be directed to issue a special use permit to petitioners.

DAMIANI, J. P., and MARGETT, J., concur; COHALAN, J., dis-

sents and votes to confirm the determination and dismiss the proceeding on the merits.

Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to grant petitioners' application for a special use permit.