■ In the Matter of UNITED STATES TRANSMISSION SYSTEMS, INC., Petitioner, v RAYMOND H. SCHOEPFLIN et al., Constituting the Board of

Appeals of the Town of Oyster Bay, Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Appeals of the Town of Oyster Bay, dated August 31, 1977, which, after a hearing, denied petitioner's application for a variance pertaining to the height of a tower. Determination confirmed and proceeding dismissed on the merits, with costs. The petitioner, the "lease optionee" of a parcel of property located in an area which is zoned for industrial use, was denied a variance which would have enabled it to construct a microwave transmission tower 280 feet high. The height restriction in the zoning ordinance is 50 feet. While the petitioner contends that it is a public utility, the only evidence in that regard is the statement by the petitioner's project engineer, William Chambers, that petitioner is a "common carrier" which provides "telephone channels to long haul customers such as air lines, brokerage houses, construction companies and so forth". Chambers informed the board that the tower was needed so that petitioner could expand its system from New York City to Connecticut. Although the applicant for an area variance need show only that strict compliance with the zoning law will cause "practical difficulties", the magnitude of the variance sought is a significant factor *(Matter of Consolidated Edison Co. of N. Y. v Hoffman,* 43 NY2d 598, 606). Even where a utility is involved, the courts function under the familar limited standard of review—the board's determination will be sustained if it has a rational basis and is supported by substantial evidence. While "a zoning board may not exclude a utility from a community where the utility has shown a need for its facilities [citations] this has never meant that a utility may place a facility wherever it chooses within the community [citations]" *(Matter of Consolidated Edison Co. of N. Y. v Hoffman, supra,* p 610). Assuming, *arguendo,* that petitioner is a public utility, the determination should nevertheless be confirmed. The magnitude of the variance sought is great (the proposed height is 280 feet; the restriction in the ordinance is 50 feet). There is a large residential area to the north and east of the subject property, "just beyond the three-hundred (300) foot radius"; the petitioner concedes that there is an existing residence about 700 feet from the subject site. The proximity of the high voltage lines of the Long Island Lighting Company and the normal occurrence of windstorms, with the possibility that ice forming on the proposed tower will be blown off, pose a threat to vehicular traffic on the adjacent highways, one of which is Jericho Turnpike, a main arterial highway, running east and west. The services provided by the petitioner are limited to the needs of large business concerns and there is no evidence that any individual in the community or the State will be served (cf. *Matter of Consolidated Edison Co. of N. Y. v Hoffman,* 43 NY2d 598, 609, *supra).* On this record, the denial of the variance is supported by substantial evidence. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.