■ In the Matter of ANA F. CARLSTEIN, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF UNION, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered January 12, 1979 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination of the respondent Zoning Board of Appeals of the Town of Union. Petitioner is the owner of a pet goat, which she harbors on premises owned by her in the Town of Union. Pursuant to a town ordinance concerning animals, she applied for a special permit to keep the animal on the premises. After a hearing, the board denied the issuance of the special permit. The instant CPLR article 78 proceeding was instituted and Special Term sustained the board. The petition was dismissed and this appeal ensued. Chapter 4 of the Municipal Code of the Town of Union, entitled "Animals", provides, in pertinent part, as follows: "Sec. 4-1. Purpose. The purpose of this ordinance is to regulate and prohibit in certain instances the keeping of domestic animals * * * within the urban and outside the agricultural zones as defined in the Zoning Ordinance of the Town of Union, as a protection to the health and welfare of the citizens of said Town of Union. * * * Sec. 4-3. Restrictions. No person, firm, or corporation shall keep and maintain any domestic animal * * * in any zoned area of said Town of Union, except in an Agricultural Zone; except as the same shall be permitted, after a public hearing, by the Zoning Board of Appeals, on a special permit, as defined in the Zoning Ordinance of said Town of Union." Concededly, "goats" are domestic animals under the ordinance. It is well established that a town may delegate to an administrative body the power to grant a special permit. Such a delegation, however,

must be accompanied by standards to be followed by the board *(Marshall v Village of Wappingers Falls,* 28 AD2d 542). No such standards exist in the instant ordinance. Consequently, the zoning board of appeals lacked the authority to issue a special permit *(Dur-Bar Realty Co. v City of Utica,* 57 AD2d 51, 55-56). The general proscription of the ordinance, therefore, applies and Special Term properly sustained respondent's denial of the request. We have examined all other issues raised by appellant and find them unpersuasive. The judgment should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Mikoll and Herlihy, JJ., concur; Main, J., not taking part.