■   In the Matter of CHARLES MILLER et al., Respondents, v FRANK WARD et al., Constituting the Zoning Board of Appeals of the Town of East Fishkill, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town of East Fishkill Zoning Board of Appeals that denied petitioners' application for a special use permit to conduct soil mining, the appeal is from a judgment of the Supreme Court, Dutchess County, dated May 15, 1978, which annulled the determination and directed the zoning board to issue the special use permit upon such terms and conditions as are required by the ordinance. Judgment reversed, on the law, with costs, determination of the board confirmed and proceeding dismissed on the merits. The zoning board determined that petitioners did not satisfy certain standards or criteria imposed by the Town Zoning Ordinance to qualify for a special permit and, therefore, it denied the application for a special permit to conduct soil mining on petitioners' 107.7-acre parcel. Essentially the board found that the soil mining operation

would create insurmountable safety and traffic hazards; that it would not be in harmony with the orderly development of the district in which it was located; that it would interfere with a large water storage area; and that the area as graded by the State for air quality could not absorb "additional fugitive dust". The Dutchess County Department of Planning had recommended that the application be denied for some of the same reasons. In their petition for judicial review pursuant to CPLR article 78, the petitioners alleged that the findings of the board were unsupported by any expert or professional data and were premised only on emotion and hearsay. They maintained that their 60-page study showing no adverse environmental impact on the air, water traffic or surrounding residential property was researched by experts (at a cost of $15,000) and was unassailable. Special Term agreed with petitioners and held that petitioners' evidence was "virtually uncontroverted" and showed "sufficient proof of compliance with the ordinance to justify the issuance of a special use permit." We disagree. The board had before it data that contradicted petitioners' research on essential points. The contrary data was provided in part by the town consulting engineer; by professionals whose opinions and research had been solicited at the time prior applications for a permit were made for the parcel; and by reference to the New York State air quality standards. It is misleading therefore for Special Term and petitioners to characterize the data and the opinions of the experts who disagreed with petitioners' experts and their data as unscientific and without adequate "professional" basis. The board's resolution of the special exception dispute is precisely within its " 'common-sense judgment [as] representative citizens doing their best to make accommodations between conflicting community pressures' " and is a judgment with which the court will not interfere, in the absence of clear illegality (see Matter of Lemir Realty Corp. v Larkin, 11 NY2d 20, 25). In the present case, as in the recent case of Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead (43 NY2d 801), the zoning ordinance elaborates standards which must be met before a special exception permit may issue. A different question is posed where detailed standards for a special exception permit are not contained in the ordinance (see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238; accord Matter of Pleasant Val. Home Constr. v Van Wagner, 41 NY2d 1028). Where the record supports the board's determination that the elaborated standards were not met, as it does in the instant case, and so long as the standards are not so general as to allow unchecked discretion on the part of the zoning board, the determination of the board will not be set aside (see Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead, 43 NY2d 801, supra). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.