■ BRICK HILL CONSTRUCTION CORP. et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF SOMERS, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board

of Appeals of the Town of Somers, that denied petitioners' application for a special exception use permit to excavate natural products, the appeal is from a judgment of the Supreme Court, Westchester County, dated July 2, 1979, which annulled the determination and directed the board to issue the special exception use permit. Judgment reversed, on the law, with costs, determination of the board confirmed and proceeding dismissed on the merits. The determination of the board that petitioners' application did not meet the standards in the ordinance governing the granting of special exception use permits, is supported by the record (see *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801). Section 71.00 of the Zoning Ordinance of the Town of Somers specifies the procedural standards that must be complied with in order to obtain a special exception use permit for the excavation of natural products. Section 134.00 of the ordinance provides the standards by which all applications for special exception use permits must be judged. In reviewing petitioners' application, the board determined that they had complied with section 71.00 but had failed to comply with the general provisions of section 134.00 with relation to traffic safety and the general health and welfare of the community. In summary, the board concluded that the proposed use would (1) substantially increase traffic, thereby posing a threat to commuter and school bus movement and safety, (2) create noise and pollution which would lower the value of the neighboring properties and the character of the area, and (3) cause flooding. The record supports the board's determination denying the permit. Statements taken from both the public and members of the board support the conclusion that the increased truck traffic would pose a serious safety problem with regard to the many school buses and commuters traveling the roads abutting the project site. In addition, while the comments of the neighboring residents were often emotional, those comments, taken together with the personal knowledge and familiarity that board members had of the project site, support the conclusion that the proposed use would have an adverse impact on neighboring properties (see *Matter of Suddell v Zoning Bd. of Appeals of Vil. of Larchmont,* 36 NY2d 312). Compliance with the stated standards in the ordinance guiding the board's consideration of special exception use permit applications must be shown before any permit can be granted (see *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801, *supra).* Where the record supports the board's determination that the standards were not met, the courts will not interfere with that determination absent clear illegality (see *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead, supra; Matter of Miller v Ward,* 72 AD2d 565). Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.