■ COMMUNICATIONS LEASING, INC., Respondent, v RAYMOND SCHOEPFLIN et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination, made after a hearing, which denied petitioner's application for a special use permit and an area variance, the appeal is from a judgment of the Supreme Court, Nassau County, entered February 8, 1980, which (1) annulled the determination and (2) directed the issuance of two area variances. Judgment reversed, on the law, without costs or disbursements, and matter remanded to the Board of Zoning Appeals of the Town of Oyster Bay for an evidentiary hearing consistent herewith. Petitioner Communications Leasing, Inc., sought approval from the Board of Zoning Appeals of the Town of Oyster Bay of an application to construct a 300-foot radio relay tower on a six-acre site leased by petitioner. Petitioner presently owns and operates a similar 300-foot tower on the premises. The board granted petitioner's application in 1975 to erect this existing tower. It is set back 110 feet from the front property line of the site. The proposed tower would be placed on the rear property line of the site, zero to three feet from the boundary line. The premises are situated in an "H" (Light Industrial) zoning district. The Building Zone Ordinance of the Town of Oyster Bay provides in part: "Sec. 513. Height. In [an] H industrial district, no building hereafter erected or altered shall exceed fifty (50) feet except when authorized upon approval of the board of appeals as hereinafter provided." "Sec. 518. Rear Yard. (a) In [an] H industrial district, there shall be a rear yard having a minimum depth of thirty (30) feet. (b) The rear yard may be used for the purpose of off-street parking and loading space up to and within (3) feet of all side and rear property lines." Section 65 of the building zone ordinance specifies the powers of the board of zoning appeals. Section 65 provides in part: "(A) *Variance powers. (Matters of appeal to the board of appeals.)* Where there are practical difficulties or unnecessary hardships in the way-of carrying out the strict letter of these regulations, the board of appeals shall have power to vary or modify the application of such regulations so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done. (B) *Special powers and rules. (Matters or [sic] original jurisdiction and by application to the board of appeals).* Whenever a use, or the location thereof, is permitted only if the board of appeals shall approve thereof, the board of appeals may, in a specific case and after notice and public hearing, authorize such permissive use and its location within the district in which this ordinance specifies the permissive use may be located, subject, however, to the following: (1) Before such approval shall be given, the board of appeals shall determine: a. That the use will not prevent the orderly and reasonable use of adjacent properties or of properties in adjacent use districts; b. That the use will not prevent the orderly and reasonable use of permitted or legally established uses in the district wherein the proposed use is to be located or of permitted or legally established uses in adjacent use districts; c. That the safety, the

health, the welfare, the comfort, the convenience or the order of the town will not be adversely affected by the purposes used and its location; and d. That the use will be in harmony with and promote the general purposes and intent of this Ordinance." When section 513 is read in conjunction with subdivision (B) of section 65, it becomes clear that petitioner's application for a tower in excess of 50 feet is an application for a special use, and not an application for an area variance. The zoning board of appeals erroneously considered the application as a request for an area variance. It thus applied a stricter standard than was warranted. Accordingly, we remand the matter to the board for consideration of petitioner's application for a tower in excess of 50 feet as an application for a special use. (See *Matter of Rich v Zoning Bd. of Appeals of Vil. of Hastings-on-Hudson,* 53 AD2d 672.) In examining the height issue on remand, the board shall consider whether the height of the proposed tower meets the standards prescribed by subdivision (B) of section 65 (see *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238; *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801). The application to place petitioner's proposed tower on the boundary of the property, rather than at least 30 feet from the boundary, was a request for an area variance. Section 518 ("Rear Yard") has none of the qualifying language found in section 513 ("Height"). When read in conjunction with subdivision (A) of section 65, a request to modify the 30-foot rear yard requirement is clearly a request for an area variance. On remand, petitioner must demonstrate that it faces practical difficulty in placing the tower 30 or more feet from the boundary (see *Matter of Fuhst v Foley,* 45 NY2d 441). The magnitude of the proposed variance is, of course, relevant to an area variance determination (*cf. Matter of United States Transmission Systems v Schoepflin,* 63 AD2d 970). Reconsideration by the board on the basis of the record presently existing would be inadequate. We agree with Special Term that there was a paucity of evidence on the issue of the safety, or potential danger, of the proposed tower. However, this lack of evidence requires remission to the board for a hearing of matters not previously considered by it *(Fusco v Zoning Bd. of Appeals of Town of Eastchester,* 59 AD2d 700; *Matter of Demisay, Inc. v Petito,* 33 AD2d 910, revd on other grounds 31 NY2d 896). Damiani, J.P., Titone, Mangano and Rabin, JJ., concur.