■ In the Matter of JOSEPH BRUNO, Appellant, v WILSON E. J. WALTERS et al., Respondents. — Judgment of the Supreme Court, Westchester County (Beisheim, J.), entered March 17, 1981, affirmed, without costs or disbursements (see *Matter of Colonial Beacon Oil Co. v Finn,* 245 App Div 459, affd 270 NY 591). Margett, J.P., O'Connor, Weinstein and Bracken, JJ., concur.

■ In the Matter of BURGER KING CORP., Petitioner, v FRANCIS S. FUREY et al., Constituting the Board of Trustees of the Incorporated Village of Valley Stream, Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Valley Stream, dated October 27, 1980 and made after a public hearing, which denied petitioner's application for permission to install a "drive-thru window" as an accessory use to a business it operates in a retail business district. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. On this record, the board of trustees was warranted in concluding that "[t]he hearing failed to produce any credible evidence that the applicant could avoid or adequately eliminate the problems of increased air pollution, spill-back of waiting vehicles onto Merrick Road, increased hazard to pedestrian traffic, or the grid lock of traffic at [the] Fletcher Avenue entrance that would justify exception from the prohibition in the Village Code." Where a board has reserved to itself the right of decision without precluding itself from considering factors not expressly set forth in the ordinance, the question of whether a permit should issue is left to its untrammeled discretion, so long as it is not exercised arbitrarily or capriciously. *(Matter of 4M Club v Andrews,* 11 AD2d 720.) Where a board determination is neither arbitrary nor capricious, the court may not substitute its judgment therefor. *(Matter of Lemir Realty Corp. v Larkin,* 19 AD2d 1005, affd 11 NY2d 20.) Accordingly, the determination of the board herein must be confirmed. Hopkins, J.P., Rabin, Cohalan and O'Connor, JJ., concur.

■ In the Matter of ELIZABETH GILBERT et al., Respondents, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant, and JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the State commissioner dated November 14, 1979, which held that the determination of the local agency denying medical assistance to petitioner Elizabeth Gilbert was not subject to review, the State commissioner appeals from a judgment of the Supreme Court, Suffolk County (Canudo, J.), entered December 10, 1980, which annulled the determinations, granted medical assistance to Elizabeth Gilbert, now deceased, to be paid to her surviving spouse and awarded attorney's fees in the sum of $4,675. Judgment modified, on the law, by deleting therefrom the fifth decretal paragraph which directed the payment of attorney's fees by the State commissioner. As so modified, judgment affirmed, without costs or disbursements. In view of the fact that petitioners' attorney admitted that she was not charging a fee, we exercise our discretion to deny the request for attorney's fees in this proceeding (see *Matter of Bess v Toia,* 66 AD2d 844; *Matter of Brennin v Kirby,* 79 AD2d 396; *Matter of Shields v Blum,* 80 AD2d 668). We have considered appellant's other contentions and find them to be without merit. Margett, J.P., O'Connor, Weinstein and Bracken, JJ., concur.