■ In the Matter of NORMAN CHRISTIE et al., Petitioners, v DOROTHY HIRSHON, as Chairman of the Planning Board of the City of Glen Cove, et al., Respondents, and GLEN COVE REALTY, LTD., Intervenor-Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the City of Glen Cove, dated January 20, 1981 and made after a public hearing, which granted a special use permit for the relocation of a restaurant/-bar. The proceeding was transferred to this court by order of the Supreme Court, Nassau County (Pantano, J.), dated June 18, 1981. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Referring to section 82 of the General City Law, Special Term concluded that it was unclear whether it was authorized to determine the merits of this proceeding and, so, it transferred the matter to this court for determination pursuant to CPLR 7804 (subd [g]). It is obvious that the proceeding should properly have been determined in the first instance at Special Term. Subdivision 3 of section 30-a of the General City Law specifically provides that "[a]ny person aggrieved by any decision of the planning board or any officer, department, board or bureau of the city, may apply to the supreme court for review by a proceeding under article seventy-eight of the civil practice law and rules." By that provision, the court at Special Term is empowered to take evidence and "dispose of the cause on the merits, determining all questions which may be presented for determination." While this court has the power to decide the

matter on its merits notwithstanding the fact that the transfer was unnecessary in the first instance (*Matter of Willow Garden Apts. v Riker,* 36 AD2d 892), we consider it important to emphasize that article 78 proceedings relating to review of board of appeals and planning board determinations should be determined on the merits at Special Term. However, in order to avoid shuttling this case back and forth between this court and Special Term, we will consider the matter on the merits. (See *Matter of 125 Bar Corp. v State Liq. Auth. of State of N. Y.,* 24 NY2d 174; *Matter of Kemp v Fossella,* 80 AD2d 897; *Matter of Fasani v Rappaport,* 30 AD2d 588.) On this record, the planning board was warranted in granting to the Ideal Bar and Restaurant a special use permit for the operation of a bar and restaurant to be located at 63 Glen Street, Glen Cove, New York. The application involved the relocation of an already existing establishment, rather than the introduction into the business district of a completely new one. The applicant's earlier location at 102 Glen Street is within the acquisition area for the Glen Street Renewal Project. The Glen Cove Community Development Agency advised respondent board, in a letter written prior to the public hearing, that the proposed relocation of the subject establishment to the north side of Glen Street, in a building which is scheduled for rehabilitation, would simplify the agency's relocation problems. At the hearing, the applicant presented letters from business persons in close proximity to its existing location, which indicate that the applicant has always enjoyed an excellent reputation. At the conclusion of the hearing on January 20, 1981, the board adopted a resolution pursuant to section 24-19 (4) of the city's zoning ordinance, granting the Ideal Bar and Restaurant a special use permit for the operation of a restaurant and bar at 63 Glen Street, notwithstanding community opposition that the proposed relocation would oversaturate the locale with liquor dispensing establishments. At a special meeting on March 9, 1981, the board adopted a set of findings to the effect that the granting of the special use permit is necessary for the public health and general interest and welfare of the City of Glen Cove and its citizens; that the subject premises are appropriately located with respect to parking and transportation facilities, water supply, waste disposal, fire and police protection and other facilities; and that the proposed use will not alter the neighborhood character, surroundings and property values, nor cause undue traffic congestion or hazard. The petitioners contend, *inter alia,* that the applicant failed to meet the requirements of the ordinance authorizing the respondent board to grant a special exception. We disagree. There is substantial evidence in the record to support the board's finding that the criteria of the ordinance had been met. Although the ordinance calls for the board to find that the exception is reasonably necessary for the public health or general interest and welfare, to require an applicant to prove that a proposed relocation would advance the public health or general welfare is to impose an undue burden where there is evidence that the use would not be injurious to the public health or welfare. (See *Matter of Cove Pizza v Hirshon,* 61 AD2d 210; 3 Anderson, American Law of Zoning [2d ed], § 19.12.) Moreover, to deny a special use permit based on an overabundance of this type of permitted establishment in the neighborhood, as the petitioners argue should be done, would be contrary to the legislative finding implicit in the ordinance, i.e., that a restaurant/bar in the B-1 Central Commercial District would not adversely affect the neighborhood. The ordinance authorized the board to fix quotas for permitted uses within the district. Should there exist a saturation of permitted uses within a district, it is for the board to seek to amend the applicable ordinance rather than to apply it in a discriminatory fashion. (See *Matter of Cove Pizza v Hirshon, supra.*) In sum, where an administrative determination is supported by substantial evidence

and is neither arbitrary and capricious nor irrational, the court may not substitute its judgment therefor. (See *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Burger King Corp. v Furey,* 84 AD2d 788.) Accordingly, the determination is confirmed. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.