■ In the Matter of THOMAS DURANTE, Appellant, v TOWN OF NEW PALTZ ZONING BOARD OF APPEALS, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered July 1, 1981 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to issue a special use permit. In January of 1981, petitioner, a contract vendee[*] of certain realty zoned A-1.5 (agricultural/residential) on Mountain West Road in the Town of New Paltz, applied for a special use permit to establish a "bar and restaurant, vacation resort and riding academy" on these premises (see Town of New Paltz Zoning Ordinance, § 3, subd A). Public hearings were held on February 10, 1981 and March 24, 1981, during which property owners in the community expressed vehement opposition. The board unanimously denied issuance of a special use permit. In this article 78 proceeding, instituted on April 30, 1981, Special Term sustained the board's determination and dismissed the petition. In the meantime, on May 8, 1981, the board placed a one-year moratorium on, *inter alia,* applications for and the issuance of special use permits in A-1.5 zones. Following denial of petitioner's motion to reargue/renew, this appeal ensued.

---

* Petitioner subsequently purchased the property on April 13, 1981.

Initially, we reject petitioner's contention that the zoning ordinance is constitutionally invalid for failure to set forth appropriate standards to be applied by the board. As legislative acts, zoning ordinances are invested with a strong presumption of constitutionality, rebuttable only upon a demonstration of unconstitutionality beyond a reasonable doubt (*Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338, 344, and cases cited therein). It is clear, however, that a legislative body may not confer power upon a zoning board of appeals absent meaningful standards to contain the board's discretion (*Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801; see 2 Anderson, New York Zoning Law and Practice [2d ed], § 19.11, p 101). In our view, the standards, while stated in general terms, when taken with the enacting clause and purposes set forth in the statute, sufficiently limit and define the board's discretionary powers to withstand an attack on grounds of improper delegation (see *Dur-Bar Realty Co. v City of Utica,* 57 AD2d 51, 55-56, affd 44 NY2d 1002; *Matter of Aloe v Dassler,* 278 App Div 975, affd 303 NY 878). Turning to the merits, we note that the inclusion of vacation resort, hotel, restaurant, bar or night clubs in the A-1.5 zone is provided under a special use permit. This inclusion is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243; *Matter of Cove Pizza v Hirshon,* 61 AD2d 210). This, however, does not automatically entitle petitioner to a special use permit. Entitlement to such a permit is not a matter of right (*Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24). The stated standards in the ordinance guiding the board's consideration of special exception applications condition availability of a special exception, and compliance with those standards must be shown before any exception can be secured (*Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801, 802, *supra*). The burden of proof is upon an applicant to show that the use is contemplated by the ordinance subject only to conditions attached to its use to minimize its impact on the surrounding area (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 244, *supra; Brick Hill Constr. Corp. v Zoning Bd. of Appeals of Town of Somers,* 74 AD2d 810, 811). We must determine whether or not respondent acted arbitrarily or capriciously in refusing to issue such a permit (*Matter of Bushell v Sacca,* 69 AD2d 861; see 2 Anderson, New York Zoning Law and Practice [2d ed], § 19.14, p 109). Denial solely because there is a general objection to the special use would be arbitrary (*Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028). Upon the record before us, we are unable to say that respondent acted in an arbitrary or capricious manner. Two public hearings were held at which specific examples of standards in the ordinance appear to have been considered repeatedly. The premises are on a heavily traveled secondary country road, already the scene of several vehicular accidents including fatalities. A single driveway from the premises exiting upon this dangerous road would increase the danger of accidents. Other bars in the town produce an influx of strangers, late night rowdyism and traffic hazards. There is some question as to the percolation capability of the soil. The premises are in a predominately one-family residential area which is likely to be diminished in safety, comfort, serenity and value. The overwhelming objection of residents of the town, expressed in person and by dozens of letters and petitions, is buttressed by the knowledge and experience of the board members. Given these circumstances, we cannot say on this record that respondent has not made a "common sense" judgment or that its determination that the proposed use "would adversely affect the residential and agricultural

neighborhood and be contrary to the spirit and intent of the zoning rules and regulations of the Town * * * and be incompatible with the other uses now existing in the neighborhood", is illegal. Therefore, the challenged determination should not be disturbed (*Matter of Morehouse v Town of Horicon Planning Bd.*, 85 AD2d 769, 770). Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.