■ STEPHEN J. SHIRREFF, Doing Business as SHIRREFF BROTHERS SERVICE STATION, et al., Respondents, v TOWN OF OYSTER BAY, Appellant.—In an action, *inter alia,* to declare an amendment to Town of Oyster Bay Building Zone Ordinance § 104.3 invalid and to permanently enjoin the Town of Oyster Bay from enforcing the amendment, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Levitt, J.), entered January 9, 1990, as, upon renewal and reargument, granted the plaintiffs' motion for summary judgment, declared the amendment to be invalid, and permanently enjoined the defendant from enforcing it.

Ordered that the order and judgment is modified by (1) deleting therefrom the provision declaring that the amend-

ment is invalid and substituting therefor a provision declaring that the amendment is unenforceable against the plaintiffs because the plaintiffs established that their businesses constituted preexisting legal nonconforming uses, and (2) adding to the third decretal paragraph thereof, after the words "the defendant is permanently enjoined from enforcing the amendment" the words "against the plaintiffs"; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the plaintiffs.

The Town of Oyster Bay enacted an amendment to an ordinance prohibiting certain gasoline stations from operating between the hours of 10:30 P.M. and 6:30 A.M. and allowing other gasoline stations to operate at those hours only by special permit. The plaintiffs, the owners of four gasoline stations which were not eligible to apply for a special permit to operate during those proscribed hours, commenced the instant action seeking, among other things, a judgment declaring the amendment invalid in that it purported to regulate the details of their businesses.

We do not need to determine whether the amendment was invalid on the theory that it was an impermissible attempt to regulate the details of the plaintiffs' businesses and that it violated the uniformity requirements of Town Law § 262 *(see, Matter of St. Onge v Donovan,* 71 NY2d 507; *Matter of Old Country Burgers Co. v Town Bd.,* 160 AD2d 805; *Matter of Cove Pizza v Hirshon,* 61 AD2d 210). The plaintiffs sufficiently established that the amendment was not enforceable against them in that their businesses constituted preexisting legal nonconforming uses *(see, City of New York v Bilynn Realty Corp.,* 118 AD2d 511).

We have reviewed the parties' remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.