Matter of Churchill v Town of Hamburg (2020 NY Slip Op 05356)





Matter of Churchill v Town of Hamburg


2020 NY Slip Op 05356


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
532
CA 19-01995

 

[*1]IN THE MATTER OF MICHAEL CHURCHILL AND
DIANA STIRLING, PETITIONERS-APPELLANTS,
 
V MEMORANDUM AND ORDER
 
v
TOWN OF HAMBURG, TOWN OF HAMBURG ZONING BOARD
OF APPEALS AND TOWN OF HAMBURG SUPERVISING CODE
ENFORCEMENT OFFICIAL, RESPONDENTS-RESPONDENTS.
THE GARAS LAW FIRM, LLP, WILLIAMSVILLE (JOHN C. GARAS OF COUNSEL), FOR PETITIONERS-APPELLANTS.
FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.


Appeal from a judgment of the Supreme Court, Erie County (Dennis Ward, J.), entered May 22, 2019 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting the petition insofar as it sought to annul the determination of respondent Town of Hamburg Zoning Board of Appeals affirming the determination of respondent Town of Hamburg Supervising Code Enforcement Official and as modified the judgment is affirmed without costs.
Memorandum: Petitioners, who sought to operate their residence as an Airbnb rental, commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent Town of Hamburg Zoning Board of Appeals (ZBA) affirming respondent Town of Hamburg Supervising Code Enforcement Official's (CEO) interpretation that, under the Code of the Town of Hamburg (Town Code), such a "tourist home" is not a permitted principal use in an R-1 zoning district and that petitioners would therefore have to obtain a use variance before applying for a special use permit to operate an Airbnb rental. Petitioners now appeal, as limited by their brief, from a judgment insofar as it denied that relief.
We agree with petitioners that the ZBA's interpretation of the Town Code lacks a rational basis and that Supreme Court therefore erred in sustaining the ZBA's determination (see Matter of Fox v Town of Geneva Zoning Bd. of Appeals, 176 AD3d 1576, 1577-1578 [4th Dept 2019]; see generally Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 418-419 [1998]). We therefore modify the judgment by granting that part of the petition seeking to annul the ZBA's determination upholding the CEO's interpretation of the Town Code.
Specifically, we conclude that the court failed to apply the clear language of the Town Code's relevant provisions. It is well settled that "[c]ourts should not . . . interpret what has no need of interpretation" (Marcus Assoc. v Town of Huntington, 45 NY2d 501, 505 [1978] [internal quotation marks omitted]). Town Code § 280-31 provides that the uses and structures permitted in the R-1 District, where petitioners' residence is located, include the principal uses and structures permitted under section 280-24, which governs R-E Districts, except those specified in subdivisions four and five of the six enumerated subdivisions in that section. The sixth subdivision allows "[t]he following uses by special use permit authorized by the Planning Board: . . . (b) Bed-and-breakfast establishments and tourist homes" (§ 280-24 [A] [6] [b]). A plain reading of sections 280-24 and 280-31 therefore unambiguously demonstrates that special uses are permitted principal uses, subject to authorization by the Planning Board (see generally Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon, 250 AD2d 690, 693 [2d Dept [*2]1998], lv denied 92 NY2d 810 [1998]; Matter of Shepard v Zoning Bd. of Appeals of City of Johnstown, 92 AD2d 993, 995 [3d Dept 1983]).
Contrary to the ZBA's determination and the interpretation advocated by respondents—i.e., that when sections 280-24 and 280-31 of the Town Code are read in the context of the Town Code as a whole, it is clear that special uses are not permitted principal uses and that the Town Board did not intend for special uses to carry over into other provisions—we conclude that the Town Code establishes that special uses are permitted uses in specific districts, but the burden is on an applicant for a special use permit to show that the proposed use is allowable within that district by establishing that the use has the requisite individual characteristics (see §§ 280-312, 280-313 [B]). Our interpretation of the Town Code is supported by Town Law
§ 274-b (1), which defines a special use permit as "an authorization of a particular land use which is permitted in a zoning ordinance or local law, subject to requirements imposed by such zoning ordinance or local law to assure that the proposed use is in harmony with such zoning ordinance or local law and will not adversely affect the neighborhood if such requirements are met." Further, if the Town Board had intended for special uses to be separate from principal uses, it would have separated them into their own category as it did with accessory uses.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court