■ In the Matter of PAUL FERRIGAN et al., Respondents, v WILLIAM THOMPSON et al., Constituting the Planning Board of the Town of Bolton, Appellants.—Kane, J. P. Appeal from a judgment of the Supreme Court (Mercure, J.), entered October 11, 1986 in Warren County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Planning Board of the Town of Bolton denying petitioners' request for site plan approval of a proposed marina.

In January 1985 petitioners submitted an application to the Planning Board of the Town of Bolton (hereinafter the Board) seeking site plan approval for a marina in Warren County. The subject property is located in a "GB-5000 General Business" zoning district under the Zoning Ordinance of the Town of Bolton (hereinafter the Zoning Ordinance). Under the Zoning Ordinance a marina is listed as a suitable use within a General Business district and is subject to a "Type II Site Plan Review" by the Board. Following a public hearing, the Board, at its March 27, 1986 meeting, disapproved the application. The Board did not issue a written decision, but by letter dated April 7, 1986 the Town Zoning Administrator informed petitioners that the Board had denied their application. The record does not indicate when, or if, the Board filed its decision with the Town Clerk. Petitioners thereafter commenced the instant CPLR article 78 proceeding seeking to annul the Board's determination. Supreme Court granted the petition and this appeal by respondents ensued.

We affirm. Initially, on this appeal respondents contend that judicial review of the Board's action is barred by the Statute of Limitations. We, however, note that the Board failed to raise the Statute of Limitations defense in its answer or by a motion to dismiss *(see,* CPLR 3211 [e]; 7804 [f]). This constitutes a waiver of such defense *(Matter of Hans v Burns,* 48 AD2d 947). In any event the proceeding was timely commenced. The 30-day period under Town Law § 274-a (3) does not begin to run until 30 days after the filing of the decision in the office of the Town Clerk. Absent proof of such filing, respondents have not shown that the proceeding was commenced beyond the Statute of Limitations.

Turning to the merits, we agree with Supreme Court that

the Board's determination was arbitrary and capricious. First, it is undisputed that petitioners' proposed use of the parcel as a marina is a permitted use under the Zoning Ordinance, subject to Type II site plan review. In addition, the site is surrounded by other marinas and boat-launching facilities and the Board does not argue that the proposed use is not in conformity with the dimensional regulations of the Zoning Ordinance.

One reason advanced for the disapproval was that the Board could not approve the site plan under the Zoning Ordinance since the project required the approval of the Adirondack Park Agency before the Board could approve the application. In this regard, under the Zoning Ordinance, land use and development projects are classified as "Class A" requiring "Type I" review, or "Class B" requiring "Type II" review (Town of Bolton Zoning Ordinance § 5.020; *see,* Executive Law § 810). Class A, Type I, projects require the approval of the Adirondack Park Agency (Executive Law § 809; Town of Bolton Zoning Ordinance §§ 5.020, 6.010-6.040). We agree with Supreme Court's determination that the Board's treatment of this matter as a Class A, Type I, project was erroneous. The Zoning Ordinance classifies marinas in the GB-5000 zone as Class B, Type II, projects and there is nothing in the record to refute the evidence submitted by petitioners that the proposal did not involve or impact wetlands in any way.

There is nothing in the record to support the Board's conclusion that petitioners' marina would endanger swimmers. Indeed, the fact that the town located its boat-launching facility adjacent to petitioners' property belies the Board's conclusion. The Board also suggested that petitioners have no right-of-way to the property. This concern finds no support in the record and petitioners' deed indicates to the contrary. The Board also "concluded" that the proposal created the hazard of erosion to the lake. There was absolutely no evidence to support this assertion. In fact, the Board appears to have disregarded petitioners' statements that they have no plans to dredge the lake.

In sum, the record provides no evidentiary basis for the Board's conclusions. This is so, especially in light of the fact that petitioners proposed to use their property in a manner permitted under the Zoning Ordinance *(see, Syracuse Bros. v Darcy,* 127 AD2d 588). Thus, in the absence of a basis for its conclusions, the Board's decision was arbitrary and capricious *(see, Ronning v Thompson,* 126 Misc 2d 761). The judgment should therefore be affirmed.

Finally, we note that petitioners' ongoing dispute with the Adirondack Park Agency is a separate matter and petitioners should not be punished by the Board for the assertion of their right to challenge the exercise of jurisdiction by the Adirondack Park Agency.

Judgment affirmed, without costs. Kane, J. P., Main and Harvey, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to reverse in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We disagree with Supreme Court's conclusion that petitioners' marina project was a Class B project, not requiring Adirondack Park Agency approval. Though marinas are classified under the Zoning Ordinance as Class B/Type II projects and normally do not require Adirondack Park Agency review, here the land use and development involved wetlands. All land uses and developments involving wetlands are Class A projects (Executive Law § 810 [1] [a] [1]; Town of Bolton Zoning Ordinance Appendix A); thus, Adirondack Park Agency approval was required. This is so even though petitioners' proposal offers to leave the wetlands untouched. Adirondack Park Agency approval of the project is also required because the marina is a use of land which previously was subject to an Adirondack Park Agency subdivision permit (see, 9 NYCRR 573.4 [d]). In view of the conclusion that the Board lacked the authority to approve petitioners' application, it is unnecessary to review whether the Board's decision was proper in other respects.

Supreme Court's judgment should be reversed, the petition dismissed and the Board's determination confirmed.