■ In the Matter of WILLIAM E. CONNORS, Respondent, v JOHN SULLIVAN et al., Constituting the Zoning Board of Appeals of the City of Mechanicville, Appellants, and MICHAEL BERGERON et al., Intervenors-Appellants.—Casey, J. P. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered May 30, 1990 in Saratoga County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the City of Mechanicville denying petitioner's request for a special use permit.

In March 1989, petitioner's applications for special use permits to construct identical four-unit dwellings on adjacent lots in the residential district of the City of Mechanicville, Saratoga County, were granted by the City's Zoning Board of Appeals (hereinafter the Board). Local residents challenged the Board's determination in a CPLR article 78 proceeding and, by order dated July 3, 1989, the Board's determination was annulled due to certain procedural irregularities. In the meantime, petitioner had substantially completed construction of one of the four-unit buildings.

In September 1989, petitioner again applied for special use permits for the two lots. Following a hearing, the Board granted petitioner's application as to the lot containing the substantially completed structure, subject to certain conditions. As to the adjacent vacant lot, however, the Board denied petitioner's application. Petitioner then commenced this CPLR article 78 proceeding and Supreme Court held that the Board was required to issue the special permit as to the vacant lot. This appeal ensued. "Entitlement to a special exception is not a matter of right * * *. The stated standards in the ordinance guiding the board's consideration of special exception applications condition availability of a special exception, and compliance with those standards must be shown before any exception can be secured" (*Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802).

The failure to meet any one of the conditions set forth in a

zoning ordinance provides a sufficient basis upon which the zoning authority may deny the permit application *(Matter of Wegmans Enters. v Lansing,* 72 NY2d 1000, 1001-1002). An examination of the transcript of the hearing at which the Board reached its decision reveals that the Board relied upon a number of factors which are legally insufficient. The Board's concern for traffic congestion, parking, noise and trash removal cannot provide a rational basis for denial of the special use permit since there is no evidence in the record concerning the existence or severity of these problems *(see, Matter of Old Ct. Intl. v Gulotta,* 123 AD2d 634, 636; *Matter of New York Tennis Assocs. v Town of Vestal,* 97 AD2d 899, 900). Nor are general objections of adjacent landowners sufficient to justify a denial *(Matter of McDonald v City of Ogdensburg Zoning Bd. of Appeals,* 101 AD2d 900, 901).

The record does, however, contain evidence that the neighborhood consists largely of one and two-family homes, and the Board expressed concern about the impact on the neighborhood of two four-family buildings on adjacent lots. In particular, there was concern that "if we allow another four-family dwelling that close to the all ready *[sic]* existing one, others would soon follow and disrupt the whole neighborhood". In a provision applicable to all special permit uses, the zoning ordinance requires: "The location and size of the use, the nature and intensity of the operations involved, the size of the site in relation to it, shall be such that it will be in harmony with the orderly development of the district * * *." We are of the view that the Board's concern, previously expressed, did not merely reflect speculative problems or general objections of adjacent landowners, but instead constituted a finding that the impact of a second four-family building next to the existing one would not be in harmony with the orderly development of the neighborhood, which consisted largely of one and two-family dwellings. Such a finding, supported by substantial evidence in the record, provides a rational basis for the Board's denial of petitioner's application for a special permit for a four-family dwelling on the vacant portion of his property *(see, Matter of Wegmans Enters. v Lansing, supra).* Supreme Court's judgment should, therefore, be modified.

Judgment modified, on the law, without costs, by reversing so much thereof as partially granted the petition; that portion of the petition seeking to annul the determination denying the special use permit for petitioner's vacant lot dismissed, and said determination confirmed; and, as so modified, affirmed.

Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.