■ In the Matter of MONRO MUFFLER/BRAKE, INC., et al., Appellants, v TOWN BOARD OF THE TOWN OF PERINTON, Respondent. [635 NYS2d 882] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly determined that the failure of respondent to approve by a majority vote the application of petitioner Monro Muffler/Brake, Inc., for a special use permit to construct an automobile repair shop in the northwest corner of the Perinton Square Mall constituted a valid determination to deny the application. The fact that two members voted to grant the application, two members voted to deny it, and one member abstained from voting did not, as petitioners contend, constitute a "non-action" by respondent *(see,* Town Law § 63; *Matter of Zagoreos v Conklin,* 109 AD2d 281).

Additionally, the court properly concluded that respondent's denial of the application was not arbitrary and capricious. It is well settled that there is no automatic entitlement to a special use permit and that petitioners were required to show that the contemplated use conforms with the standards imposed by the zoning ordinance *(see, Matter of Schadow v Wilson,* 191 AD2d 53, 57).

The record supports respondent's findings that the proposed automobile repair shop would result in traffic access problems and inadequate parking and would be a hazard to pedestrian safety. The reports of the director of the building department and the planning consultant show that the proposed automobile repair shop would focus traffic in a cross-easement area for property to the north, and would require vehicles using the proposed automobile shop to move perpendicular to the access easement, increasing the potential for accidents. Additionally, the reports show that traffic congestion would be further increased because of inadequate parking in the immediate area. The reports also show that traffic congestion and other problems would cause pedestrian safety problems.

Respondent's finding that the proposed automobile repair shop would change the essential character of the neighborhood also has evidentiary support in the record. It would be visible to the residential neighborhoods on the north and east sides. The reports show that the proposed automobile repair shop would require overnight outside parking of vehicles awaiting repair or pick-up and would involve the outside storage and disposal of hazardous wastes, oils and other lubricants and the emission of automobile exhaust gases. Therefore, we conclude that the denial of the application has a rational basis and should not be disturbed by this Court *(see, Matter of Connors v*

*Sullivan,* 171 AD2d 982, 983). (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—CPLR art 78.) Present—Lawton, J. P., Wesley, Callahan and Davis, JJ.