■ TOWN BOARD OF TOWN OF ELLICOTT et al., Respondents, v E. DENNIS LEE, Also Known as ELMER DENNIS LEE, et al., Appellants. [661 NYS2d 384] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action seeking a permanent injunction restraining defendants from violating the zoning ordinance of the Town of Ellicott. Supreme Court erred in granting plaintiffs' motion for summary judgment. "Issue finding rather than issue determination is the function of the court on a motion for summary judgment" (*Powell v Tarantino Foods,* 234 AD2d 989, 990). The court erred in concluding that defendants had the burden of proving the existence of a nonconforming use. Because

plaintiffs met their initial burden, defendants in opposition had only to submit evidence raising a factual issue whether the use of the property by defendants and their predecessors in title constituted a nonconforming use (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). Defendants met that burden. Further, in determining that defendants failed to establish the existence of a nonconforming use, the court improperly resolved credibility issues (*see, Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341; *Montante v City of Rochester*, 187 AD2d 924, 925).

The court properly dismissed defendants' counterclaim seeking attorney's fees for the maintenance of a frivolous action. There is no such cause of action for that relief. Thus, we modify the judgment by denying plaintiffs' motion for summary judgment except insofar as it seeks dismissal of the counterclaim and by vacating the permanent injunction. (Appeal from Judgment of Supreme Court, Chautauqua County, Ward, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.