In the Matter of ARNA FRITTITA, Respondent, v JAMES H. PAX, as Supervisor of Town of Grand Island, et al., Appellants, et al., Intervenors. [675 NYS2d 577] —Judgment unanimously reversed on the law with costs and petition dismissed. Memorandum: Supreme Court erred in annulling the determination of the Town Board of Grand Island (Board) that denied the application of petitioner for a special use permit to keep a horse on her property and in directing the Board to issue a special use permit to petitioner. "Entitlement to a special [use] permit is not a matter of right (*Matter of Lemir Realty Corp. v Larkin*, 11 NY2d 20, 24) and compliance with ordinance standards must be shown before a special [use] permit can be granted (see *Matter of Tandem Holding Corp. v Board of Zoning Appeals*, 43 NY2d 801, 802; *Matter of Cappadoro Land Dev. Corp. v Amelkin*, 78 AD2d 696, app dsmd 54 NY2d 833)" (*Matter of Roginski v Rose*, 97 AD2d 417, *affd* 63 NY2d 735 *for reasons stated below*). Failure to meet any one of the conditions set forth in the ordinance is sufficient to support the denial of the permit application (*see, Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000, 1001-1002; *Matter of Connors v Sullivan*, 171 AD2d 982, 982-983). The record supports the Board's determination that petitioner did not show that "[t]he use is so designed, located and proposed to be operated that the public health, safety, welfare and convenience will be protected" (Grand Island Code § 49-27 [B]). Thus, the denial of the application has a rational basis and should not be disturbed (*see, Matter of Monro Muffler/Brake v Town Bd.*, 222 AD2d 1069).

(Appeal from Judgment of Supreme Court, Erie County, Michalek, J.—CPLR art 78.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.