■ ROBERT C. MORGAN et al., Respondents-Appellants, v TOWN OF WEST BLOOMFIELD, Appellant-Respondent. [744 NYS2d 274] —Appeal and cross appeal from parts of an order of Supreme Court, Ontario County (Barry, J.), entered February 14, 2001, that denied defendant's motion and plaintiffs' cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by granting the motion of defendant in part and granting judgment in favor of defendant as follows: It is adjudged and declared that the amendment of the Code of Town of West Bloomfield in May 1997 is valid and constitutional and that plaintiffs are not entitled to apply for a special use permit under the Code of Town of West Bloomfield as it existed prior to the amendment, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action challenging the validity of an amendment by defendant, the Town of West Bloomfield (Town), of the Code of Town of West Bloomfield (Code) in May 1997. Plaintiffs seek a declaration that they are entitled to apply for a special use permit under the Code as it existed prior to the amendment. The amendment, inter alia, created three manufactured home park districts encompassing the existing manufactured home parks in the Town and provided that "[a]t no time shall the number of housing units in manufactured home parks exceed 25% of all single-family dwellings situated on privately owned lots" (Code § 140-45 [A]). The Town appeals, and plaintiffs cross-appeal, from an order denying their respective motion and cross motion for summary judgment.

We conclude that Supreme Court erred in denying that part

of the Town's motion seeking judgment declaring that the amendment is valid and constitutional. We reject plaintiffs' contention that the restriction on the number of housing units in manufactured home parks conflicts with the land use policies and development plans of the community as expressed in the Town's 1991 Master Plan. The record establishes that the Town imposed the restriction because 31.5% of the housing units in the Town are located in manufactured home parks, a percentage that is significantly higher than the County average of 13.8%. The record further establishes that the restriction is necessary to correct that imbalance and to advance the policy expressed in the Master Plan of encouraging a housing mix. The amendment's strong presumption of validity may be overcome only by proof beyond a reasonable doubt that the amendment is unreasonable and arbitrary (*see Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 617, *lv denied* 93 NY2d 803), and such proof was not presented here.

We agree with the Town that its determination not to include the property that plaintiffs propose to develop as a manufactured home park within one of the manufactured home park districts is a "legislative judgment * * * [that should] be respected by the courts" (*Matter of Town of Islip v Caviglia*, 73 NY2d 544, 551). That property is located outside the development areas identified in the Master Plan and in an area where, under the Master Plan, residential growth "should be strictly controlled." Indeed, it is located in a "rural-agricultural area" where, according to the Master Plan, residential "uses should only be permitted at very low densities." Furthermore, a section of the property contains "prime agricultural land" where development is further restricted.

Plaintiffs further contend that the amendment is unconstitutional because it constitutes exclusionary zoning. We disagree. The amendment does not constitute exclusionary zoning because manufactured home parks continue as a permitted use in the Town (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 684; *Town of Pompey v Parker*, 53 AD2d 125, 127, *affd* 44 NY2d 805).

Additionally, we reject plaintiffs' contention that the standards set forth in section 140-60 (AA) (1) of the Code as amended are impermissibly vague (*see Town of Islip v Zalak*, 165 AD2d 83, 99) and conclude that those standards "are capable of a reasonable application and are sufficient to limit and define the [Planning B]oard's discretionary powers" (*Matter of Aloe v Dassler*, 278 App Div 975, 975, *affd* 303 NY 878; *see*

*Matter of Torsoe Bros. Constr. Corp. v Architecture & Community Appearance Bd. of Review for Town of Orangetown*, 120 AD2d 738, 739). Plaintiffs' further contention that these standards are invalid because they fail to relate to land use issues is raised for the first time on appeal and therefore is not properly before us (*see Byrne Family Mgt. v Village of Phoenix*, 190 AD2d 1032). We reject plaintiffs' contention that restrictions set forth in section 140-60 (AA) (2) of the Code are invalid.

We further conclude that the court erred in failing to grant that part of the Town's motion seeking judgment declaring that plaintiffs are not entitled to apply for a special use permit under the Code as it existed prior to the amendment. We agree with the Town that the special facts doctrine is not applicable here because " '[e]ntitlement to a special [use] permit is not a matter of right' " (*Matter of Frittita v Pax*, 251 AD2d 1077, 1077; *see Preble Aggregate v Town of Preble*, 263 AD2d 849, 850, *lv denied* 94 NY2d 760).

Finally, we reject the contention of the Town that it is entitled to summary judgment dismissing the complaint. "[W]hen a court resolves the merits of a declaratory judgment action against the plaintiff, the proper course is not to dismiss the complaint, but rather to issue a declaration in favor of the defendants" (*Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954). We therefore modify the order by granting the Town's motion in part and granting judgment in favor of the Town declaring that the amendment is valid and constitutional and that plaintiffs are not entitled to apply for a special use permit under the Code as it existed prior to the amendment.

All concur except Lawton, J., who dissents in accordance with the following memorandum.

Lawton, J. (dissenting). I respectfully dissent. In my view, plaintiffs are entitled to a declaration that the amendment to the zoning ordinance is ultra vires and void insofar as it restricts the number of housing units in a manufactured home park development to no more than 25% of all single-family dwellings situated in privately owned lots (*see* Code of Town of West Bloomfield § 140-45 [A]; *see generally Matter of Golden v Planning Bd. of Town of Ramapo*, 30 NY2d 359, 369-370, *appeal dismissed sub nom. Rockland County Bldrs. Assn. v McAlevey*, 409 US 1003). Town Law § 262 permits a town to be divided into districts, but it does not authorize a town to place numerical limits on various types of developments. Further, it is contradictory to state that some areas are suitable for manufactured home park development according to a master plan, but then to preclude applications by placing numerical

limits on such development. Present—Pigott, Jr., P.J., Green, Kehoe and Lawton, JJ.