▪ In the Matter of FRANCIS DEVELOPMENT AND MANAGEMENT CO., INC., et al., Appellants, v TOWN OF CLARENCE et al., Respondents. [761 NYS2d 760] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Michalek, J.), entered August 27, 2002, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of the Town

Board of respondent Town of Clarence (Town), denying petitioners' application for a special exception use permit and to compel the issuance of such a permit. Supreme Court properly dismissed the petition. Petitioners applied for the permit in order to build a mini-storage facility on land that is zoned major arterial to a depth of 300 feet and commercial from then on. The Town Board denied the application based upon the finding of the Town Planning Board that such a facility is not "an allowed use in major arterial or commercial [zoning] districts" and is "inconsistent with the intent and vision of the master plan for this area."

We agree with petitioners that the mini-storage facility is a "commercial or business enterprise[ ]" within the meaning of sections 30-43 (B) (7) and 30-49.1 (A) (4) of the Town Zoning Ordinance of Clarence (Zoning Ordinance) and thus it is a use permitted in a major arterial district and, subject to a special exception use permit, in a commercial district. Although a planning board's interpretation of a zoning ordinance is generally entitled to great deference (see Matter of Olivieri v Planning Bd. of Town of Greenburgh, 229 AD2d 584 [1996]), there is a "well-established but countervailing precept that zoning restrictions are in derogation of the common law and, as such, must be strictly construed against the municipality which enacted and seeks to enforce them, and that any ambiguity in the language employed must be resolved in favor of the property owner" (Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties, 268 AD2d 771, 774 [2000], lv denied 94 NY2d 764 [2000]). The record establishes that the Planning Board has been inconsistent in interpreting the operative language here in connection with other similar applications, thereby confirming the patent ambiguity of that language. Thus, the subject provisions should be construed against respondents and in favor of petitioners.

Nevertheless, we agree with respondents that the mini-storage facility conflicts with the Town's recently adopted Master Plan 2015 (Master Plan), and thus the Town Board properly denied the application for a special exception use permit (see generally Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195 [2002]). Section 30-71 (A) (7) of the Zoning Ordinance establishes as a condition for the issuance of a special exception use permit that "[s]uch use shall not conflict with the direction of building development in accordance with any Master Plan or portion thereof which has been adopted by the Planning Board." Compliance with that condition "must be shown before

any exception can be secured" (*Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead*, 43 NY2d 801, 802 [1977]). Although we agree with petitioners that the Master Plan envisions commercial development on the subject property, it also indicates that this type of commercial development should be restricted to newly created business park districts in order to avoid "negative impact upon existing residential areas" (Master Plan, at 22). The subject property is bordered by an existing residential area, and thus the court properly concluded that the determination of the Town Board is not arbitrary and capricious. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.