■ In the Matter of FRANCIS DEVELOPMENT AND MANAGEMENT CO., INC., et al., Appellants, v TOWN OF CLARENCE et al., Respondents. [784 NYS2d 762]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered November 20, 2003 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted in part and the matter is remitted to the Town Board of respondent Town of Clarence for further proceedings in accordance with the following memorandum: Supreme Court erred in denying that part of the petition seeking to annul the determination of the Town Board of respondent Town of Clarence (Town) denying petitioners' "request for 'referral to the Planning Board' " with respect to petitioners' application for site plan approval of a proposed mini-storage facility on petitioners' property. It is undisputed that, since the prior appeal in this matter (*Matter of Francis Dev. & Mgt. Co. v Town of Clarence*, 306 AD2d 880 [2003]), petitioners have reconfigured the project so that it will lie entirely within that part of petitioners' property that is zoned major arterial. Because the mini-storage facility is a use permitted as of right in a major arterial district (*see id.* at 881), it was arbitrary and

capricious for the Town to use its Master Plan 2015 (Master Plan) as the basis for denying petitioners' request for referral to the Town Planning Board (*see generally Matter of Pine Hill Concrete Mix Corp. v Town of Newstead Zoning Bd. of Appeals,* 161 AD2d 1187, 1188 [1990], *lv denied* 77 NY2d 803 [1991]; *Matter of Ferrigan v Thompson,* 135 AD2d 953, 954 [1987], *appeal dismissed* 72 NY2d 854 [1988]). Whether the project conflicts with the Master Plan would be relevant only if a special exception use permit were required (*see* Zoning Ordinance of Town of Clarence § 30-71 [A] [7]), and such a permit is not required in light of petitioners' reconfiguration of the project. We therefore reverse the judgment and grant the petition in part by annulling the determination, and we remit the matter to the Town Board to refer petitioners' application to the Town Planning Board. Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.