■ WILLIAM AUBLE et al., as Trustee of and on Behalf of ELECTRICAL WORKERS NO. 86 INSURANCE FUND, Respondents, v PATRIC DOYLE, Appellant, et al., Defendant. [832 NYS2d 715]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered February 8, 2006. The order, inter alia, denied the cross motion of defendant Patric Doyle for summary judgment dismissing the amended complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motion with respect to the cause of action for breach of contract and the claim for negligent misrepresentation, providing in the third ordering paragraph that plaintiffs are awarded judgment on the cause of action for conversion in the amount of $57.50, granting the cross motion in part and dismissing the cause of action for unjust enrichment and the claim for negligent misrepresentation against defendant Patric Doyle and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action asserting causes of action for breach of contract, conversion, unjust enrichment, and fraud or negligent misrepresentation and seeking to recover health care insurance benefits paid to the former wife of Patric Doyle (defendant). According to plaintiffs, defendant's former wife submitted medical claims and received benefits in the approximate sum of $66,276.13 between the years 1997 and 2002 despite the fact that she had become ineligible for benefits under defendant's insurance plan upon her divorce from defendant in 1984. Supreme Court granted those parts of plaintiffs' motion with respect to the causes of action for breach of contract and conversion and on the claim for negligent misrepresentation against defendant and denied the cross motion of defendant for summary judgment dismissing the amended complaint against him.

We agree with defendant that the court erred in granting that part of plaintiffs' motion with respect to the cause of action for breach of contract, and we therefore modify the order accordingly. Even assuming, arguendo, that plaintiffs met their initial burden on the motion, we conclude that defendant raised issues of fact by his affidavit submitted in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We note that the court improperly resolved credibility issues on a motion for summary judgment when it determined

that the deposition testimony of defendant and his former wife was not credible (*see Town Bd. of Town of Ellicott v Lee*, 241 AD2d 958, 959 [1997]; *see also Rivera v State of New York*, 19 AD3d 1030 [2005]; *cf. Sexstone v Amato*, 8 AD3d 1116, 1117 [2004], *lv denied* 3 NY3d 609 [2004]).

The court properly granted that part of plaintiffs' motion with respect to the cause of action for conversion, but the court should have awarded plaintiffs only the amount of $57.50 with respect to that cause of action, and we therefore further modify the order accordingly. Plaintiffs established their " 'legal ownership or an immediate superior right of possession to [that] specific identifiable [amount]' . . . [over which] defendant exercised an unauthorized dominion" (*Meese v Miller*, 79 AD2d 237, 242-243 [1981]; *see Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124 [1990], *lv denied* 77 NY2d 803 [1991]). The court erred, however, in granting that part of plaintiffs' motion with respect to the claim for negligent misrepresentation and should have granted that part of the cross motion of defendant for summary judgment dismissing that claim against him, and we therefore further modify the order accordingly. The parties had only an ordinary business relationship, not the requisite "special relationship of trust or confidence" that would support a claim for negligent misrepresentation (*H & R Project Assoc. v City of Syracuse*, 289 AD2d 967, 969 [2001]; *see Kimmell v Schaefer*, 89 NY2d 257, 263-264 [1996]; *Wright v Selle*, 27 AD3d 1065, 1066-1067 [2006]). In addition, the claim for negligent misrepresentation fails as a matter of law because it is not based on circumstances extraneous to the performance of the contract, i.e., the contractual duty of defendant to disclose to the insurance fund any changes in his marital status (*see Rocco v Town of Smithtown*, 229 AD2d 1034, 1035 [1996], *appeal dismissed* 88 NY2d 1065 [1996]).

Finally, we conclude that the court erred in denying that part of the cross motion of defendant for summary judgment dismissing the cause of action for unjust enrichment against him, and we therefore further modify the order accordingly. "The existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter" (*Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1202-1203 [1998]; *see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572 [2005]). Here, the contract between the parties governs the ongoing duty of defendant to inform plaintiffs of any changes in his marital status. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.