■ MICHAEL GUIFFRIDA, Individually and Doing Business as THE STOMPING GROUNDS, et al., Respondents, v STORICO DEVELOPMENT, LLC, et al., Appellants, et al., Defendant. [876 NYS2d 793]—

Appeal from a judgment of the Supreme Court, Onondaga County (James P. Murphy, J.), entered December 24, 2007 in an action for conversion. The judgment awarded plaintiffs, after a nonjury trial, compensatory and treble damages.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the amount of damages awarded and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with

the following memorandum: Plaintiff Horan & Horan of Syracuse, Inc. (Horan & Horan) leased property from defendant Storico Development, LLC (Storico) but eventually assigned the lease to Michael Guiffrida, doing business as The Stomping Grounds (plaintiff). We note in addition that Guiffrida, in his individual capacity, was president of Horan & Horan. Despite knowledge of the lease assignment, Storico commenced an eviction proceeding against Horan & Horan only. Five days before plaintiff was served with the warrant of eviction naming only Horan & Horan as a party defendant to the eviction proceeding, plaintiff was locked out of the premises. Storico, Robert Doucette, and Richard DeVito (collectively, defendants) thereafter refused to allow plaintiff to recover personal property that remained in the leased premises. Plaintiffs Alfred Guiffrida, Antoinette Guiffrida and Louanne Guiffrida (secured creditors) had security interests in the property.

Plaintiffs commenced this action against, inter alia, defendants seeking damages for conversion as well as punitive damages. After defendants filed their answer, plaintiff filed for bankruptcy relief under chapter 7 of the Bankruptcy Code. Following a bench trial, Supreme Court found that plaintiff was wrongfully evicted and that Storico wrongfully exercised dominion and control over the property remaining at the premises. The court calculated compensatory damages to be $79,245, and trebled the damages pursuant to RPAPL 853.

Contrary to the contention of defendants, they waived their right to challenge plaintiff's legal capacity to pursue this action due to the pending bankruptcy by failing to move to amend their answer to assert plaintiff's lack of legal capacity as an affirmative defense (see CPLR 3211 [a] [3]; [e]; Edwards v Siegel, Kelleher & Kahn, 26 AD3d 789 [2006]; cf. Mehlenbacher v Swartout, 289 AD2d 651 [2001]; Hansen v Madani, 263 AD2d 881, 882 [1999]). In any event, defendants' contention lacks merit. The record establishes that the Bankruptcy Trustee abandoned the action, thereby revesting plaintiff with the legal capacity to pursue this action (see 11 USC § 554; Culver v Parsons, 7 AD3d 931, 932 [2004]; see generally Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 196 [1987]).

Contrary to the further contention of defendants, the court properly awarded compensatory damages to plaintiffs despite the allegation that plaintiff did not actually own the property. In this case, the issue of ownership is irrelevant to the award of damages for conversion because plaintiff had an "immediate superior right of possession" to the property (Auble v Doyle, 38 AD3d 1264, 1266 [2007] [internal quotation marks omitted]). In

addition, we reject defendants' contention that the court erred in awarding damages to the secured creditors. There is sufficient evidence in the record to establish their interests in the property (*see generally* UCC 9-203 [b]; 9-310; *Badillo v Tower Ins. Co. of N.Y.*, 92 NY2d 790, 794-796 [1999]). We likewise reject the contention of defendants that they had a right to repossess the property based on their unperfected security interests (*see generally* UCC 9-322 [a]; *Chrysler Credit Corp. v Simchuk*, 258 AD2d 349 [1999]).

Finally, although we conclude that the court did not abuse its discretion in denying defendants' claim for a setoff (*see generally* 11 USC § 553 [a]; *In re Buckenmaier*, 127 BR 233, 237-238 [1991]), or in awarding plaintiff treble damages pursuant to RPAPL 853 (*see Moran v Orth*, 36 AD3d 771, 772-773 [2007]), we conclude that the court erred in calculating the amount of compensatory damages to which plaintiffs are entitled. Plaintiff conceded that certain items of property were returned to him before trial, but the court nevertheless included in its award the value of some of those items. We therefore modify the judgment by vacating the amount of damages awarded, and we remit the matter to Supreme Court to recalculate compensatory and treble damages consistent with our decision. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.