MICHAEL GUIFFRIDA, Individually and Doing Business as THE STOMPING GROUNDS, et al., Respondents, v STORICO DEVELOPMENT, LLC, et al., Appellants, et al., Defendant. [903 NYS2d 758]—Appeal from a judgment of the Supreme Court, Onondaga County (James P. Murphy, J.), entered July 14, 2009 in an action for conversion. The judgment awarded plaintiffs compensatory and treble damages.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action against, inter alia, defendants-appellants (collectively, defendants), seeking damages for conversion as well as punitive damages arising from the allegedly wrongful eviction from premises leased by Michael Guiffrida, individually and doing business as the Stomping Grounds (plaintiff), from defendant Storico Development, LLC. Following a nonjury trial, Supreme Court found, inter alia, that plaintiff was wrongfully evicted. The court awarded plaintiffs compensatory damages in the amount of $79,245, and trebled those damages pursuant to RPAPL 853. On a prior appeal, we agreed with the court's determinations on the merits of plaintiffs' action, but we concluded that the court erred in calculating the amount of compensatory damages to which plaintiffs were entitled (*Guiffrida v Storico Dev., LLC*, 60 AD3d 1286, 1288 [2009]). Specifically, plaintiff conceded that certain items of property had been returned to him before trial, but the court had included in its award the value of some of those items (*id.*). We therefore modified the judgment by vacating the amount of damages awarded, and we remitted the matter to Supreme Court "to recalculate compensatory and treble damages consistent with our decision" (*id.*).

Contrary to the contention of defendants, we did not remit the matter for a de novo hearing on compensatory damages. As the court properly determined, the scope of our remittal was to determine the value of the items that had been returned to plaintiff and that had been erroneously included in the court's initial calculation of compensatory damages, and the court properly adhered to the scope of our remittal. We further conclude that the court's recalculation of damages is supported by the evidence from the hearing upon remittal. We have reviewed defendants' remaining contentions and conclude that they are without merit. Present—Peradotto, J.P., Carni, Lindley and Pine, JJ.