# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**505**
**CA 15-01523**
PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF ELAM SAND & GRAVEL CORP.,
AND GARY EVANS,
PLAINTIFFS-PETITIONERS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

TOWN OF WEST BLOOMFIELD, TOWN BOARD OF TOWN
OF WEST BLOOMFIELD, TOWN OF WEST BLOOMFIELD
PLANNING BOARD, SUE S. STEWART, NEIGHBORS TO
SUPPORT WEST BLOOMFIELD AND CITIZENS TO SUPPORT
WEST BLOOMFIELD,
DEFENDANTS-RESPONDENTS-RESPONDENTS.

---

HOPKINS SORGI & ROMANOWSKI PLLC, BUFFALO (PETER J. SORGI OF COUNSEL),
FOR PLAINTIFFS-PETITIONERS-APPELLANTS.

BOYLAN CODE LLP, ROCHESTER (DAVID K. HOU OF COUNSEL), FOR DEFENDANTS-
RESPONDENTS-RESPONDENTS TOWN OF WEST BLOOMFIELD, TOWN BOARD OF TOWN
OF WEST BLOOMFIELD, AND TOWN OF WEST BLOOMFIELD PLANNING BOARD.

NIXON PEABODY LLP, ROCHESTER (TERENCE L. ROBINSON, JR., OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS-RESPONDENTS SUE S. STEWART, NEIGHBORS TO
SUPPORT WEST BLOOMFIELD AND CITIZENS TO SUPPORT WEST BLOOMFIELD.

---

Appeal from an order of the Supreme Court, Ontario County (Craig
J. Doran, A.J.), entered October 27, 2014 in a CPLR article 78
proceeding and declaratory judgment action. The order granted the
cross motion of defendants-respondents Sue S. Stewart, Neighbors to
Support West Bloomfield and Citizens to Support West Bloomfield to
dismiss the 12th cause of action.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the cross motion is
denied and the 12th cause of action is reinstated.

Memorandum: Plaintiffs-petitioners (petitioners) appeal from an
order granting the cross motion of defendants-respondents Sue S.
Stewart, Neighbors to Support West Bloomfield and Citizens to Support
West Bloomfield (collectively, respondents) pursuant to CPLR 3211 (a)
(7) seeking to dismiss the 12th cause of action in this combined
declaratory judgment action/CPLR article 78 proceeding. The 12th
cause of action alleges that defendants-respondents Town of West
Bloomfield (Town), Town Board of Town of West Bloomfield (Town Board)
and Town of West Bloomfield Planning Board (Planning Board) acted in

bad faith and intentionally delayed the application of plaintiff-petitioner Elam Sand & Gravel Corp. (Elam) for a special use permit to operate a sand and gravel mine in order to enact a new zoning code that disallowed mining on the property Elam leased from plaintiff-petitioner Gary Evans for that purpose.  Petitioners therefore alleged that the special facts exception applies to Elam's application for a special use permit.  We agree with petitioners that Supreme Court erred in granting respondents' cross motion to dismiss that cause of action on the ground that the special facts exception does not apply as a matter of law.

"As a general matter, a case must be decided upon the law as it exists at the time of the decision . . . In land use cases, the law in effect when the application is decided applies, regardless of any intervening amendments to the zoning law . . . Under the special facts exception, where the landowner establishes entitlement as a matter of right to the underlying land use application[,] . . . the application is determined under the zoning law in effect at the time the application is submitted . . . In order for a landowner to establish entitlement to the request as a matter of right, the landowner must be in 'full compliance with the requirements at the time of the application,' such that 'proper action upon the permit would have given [the landowner] time to acquire a vested right' . . . In addition to showing entitlement to the request as a matter of right, the landowner must also show 'extensive delays indicative of bad faith' . . . , 'unjustifiable actions' by the municipal officials . . . , or 'abuse of administrative procedures' " (*Rocky Point Drive-In, L.P. v Town of Brookhaven*, 21 NY3d 729, 736).  Here, Elam filed its application for a special use permit on September 1, 2010, and the Town issued a moratorium on mining operations on June 8, 2011.  After petitioners sought court intervention on two occasions, the Planning Board conducted a public hearing on April 26, 2012, but did not issue a determination.  The Town Board adopted a new zoning law on April 10, 2013 that prohibited mining of the subject property and, on June 19, 2013, the Planning Board returned the application to Elam on the ground that mining was not a permitted use.

We agree with petitioners that the special facts exception may be applied to the application for a special use permit (*see Matter of Gardiner v Lo Grande*, 83 AD2d 614, 615, *following remittal* 92 AD2d 611, *affd* 60 NY2d 673 *for the reasons stated in* 83 AD2d 614; *Matter of c/o Hamptons, LLC v Rickenbach*, 98 AD3d 736, 736-737; *see also Matter of Huntington Ready-Mix Concrete v Town of Southampton*, 104 AD2d 499, 499-500), and that our decision in *Morgan v Town of W. Bloomfield* (295 AD2d 902, 904) is not to the contrary.  In *Morgan*, the plaintiffs sought a declaration that they were entitled to apply for a special use permit under the former law before an administrative record was created but, here, there is an administrative record that may be reviewed in order to determine whether Elam complied with the requirements for a special use permit before the new zoning law was enacted (*see generally Matter of Pokoik v Silsdorf*, 40 NY2d 769, 772-773, *rearg denied* 42 NY2d 824).  We also agree with petitioners that *Matter of Lemir Realty Corp. v Larkin* (11 NY2d 20, 24) does not prohibit the consideration of the special facts exception to an

application for a special use permit.  Rather, the Court declined to disturb the determination denying the application for a special use permit because the determination was not arbitrary or capricious and, here, no determination on Elam's application was made.  We therefore conclude that petitioners stated a cause of action for applying the special facts exception to Elam's application for a special use permit (*see generally Leon v Martinez*, 84 NY2d 83, 87-88).  We therefore reverse the order, deny the cross motion and reinstate that cause of action.

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court