Matter of Rex v Zoning Bd. of Appeals of Town of Sennett (2021 NY Slip Op 03688)





Matter of Rex v Zoning Bd. of Appeals of Town of Sennett


2021 NY Slip Op 03688


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


175 CA 20-00448

[*1]IN THE MATTER OF DENNIS REX AND DIANE REX, PETITIONERS-APPELLANTS,
v
ZONING BOARD OF APPEALS OF TOWN OF SENNETT, RESPONDENT-RESPONDENT. 






CAMARDO LAW FIRM, P.C., AUBURN (KEVIN M. COX OF COUNSEL), FOR PETITIONERS-APPELLANTS.


 Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered March 12, 2020 in a proceeding pursuant to CPLR article 78. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding challenging the determination of respondent denying their application for a special use permit to develop a mini-storage facility on property that was zoned agricultural/residential. In making its determination, respondent concluded that the proposed use did not "meet the goals of [the] comprehensive plan" and would "alter[] the essential character of the neighborhood." Supreme Court denied the petition, and petitioners appeal. We affirm.
The operation of a mini-storage facility is identified in the Town of Sennett's zoning ordinance as permitted upon the issuance of a special use permit (see Zoning Ordinance of the Town of Sennett
§ 504). The zoning ordinance provides that respondent "shall grant a Special Use Permit when it finds adequate evidence that a proposed use . . . will meet all of the . . . general requirements and standards listed [in the ordinance] for the proposed use" (§ 1509 [C] [3]), including that the proposed use must be "[i]n the best interest of the Town of Sennett, . . . [s]uitable for the property in question and designed, constructed, operated and maintained so as to be in harmony with and appropriate in appearance with the existing intended character to the general vicinity" (§ 1509 [C] [3] [a], [b]; see generally Matter of Mobil Oil Corp. v Oaks, 55 AD2d 809, 809 [4th Dept 1976]). Furthermore, "[t]he stated standards in the ordinance guiding [respondent's] consideration of [the special use permit] application condition availability of a special exception, and compliance with those standards must be shown before any exception can be secured" (Matter of Durante v Town of New Paltz Zoning Bd. of Appeals, 90 AD2d 866, 867 [3d Dept 1982]; see Matter of Wegmans Enters. v Lansing, 72 NY2d 1000, 1001-1002 [1988]; Matter of Francis Dev. & Mgt. Co. v Town of Clarence, 306 AD2d 880, 881-882 [4th Dept 2003]).
Although the comprehensive plan for the Town of Sennett envisions some commercial development on land zoned agricultural/residential, "it also indicates that this type of commercial development should be restricted" to specific areas (Francis Dev. & Mgt. Co., 306 AD2d at 882). As petitioners correctly concede, their proposed commercial development did not fall within the specified areas designated for such development. Inasmuch as the "[f]ailure to meet any one of the conditions set forth in the ordinance" provides a rational basis for denying an application for a special use permit (Wegmans Enters., 72 NY2d at 1001), respondent had a rational basis to deny petitioners' application (see Matter of Frittita v Pax, 251 AD2d 1077, 1077 [4th Dept 1998]). We note that there is no evidence in the record that respondent granted special use [*2]permits to similarly situated property owners proposing comparable projects (cf. Matter of c/o Hamptons, LLC v Rickenbach, 98 AD3d 736, 737-738 [2d Dept 2012]; Matter of Scott v Zoning Bd. of Appeals of Town of Salina, 88 AD2d 767, 767 [4th Dept 1982]) and, contrary to petitioners' contention, the fact that respondent did not include specific factual findings in its decision does not require annulment of respondent's determination inasmuch as "the record as a whole addresses the applicable considerations or otherwise provides a basis for concluding that there was a rational basis for [respondent's] determination" (Matter of Dietrich v Planning Bd. of Town of W. Seneca, 118 AD3d 1419, 1421 [4th Dept 2014]).
Finally, we have considered petitioners' remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court