Matter of 1640 State Rte. 104, LLC v Town of Ontario Planning Bd. (2022 NY Slip Op 04441)

Matter of 1640 State Rte. 104, LLC v Town of Ontario Planning Bd.

2022 NY Slip Op 04441

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

212 CA 21-00064

[*1]IN THE MATTER OF 1640 STATE ROUTE 104, LLC, AND AARON PRESTON, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
TOWN OF ONTARIO PLANNING BOARD, BRIAN SMITH, AS CODE ENFORCEMENT OFFICER OF THE TOWN OF ONTARIO, AND TOWN OF ONTARIO ZONING BOARD, RESPONDENTS-DEFENDANTS-RESPONDENTS. 

BOYLAN CODE, LLP, ROCHESTER (ROBERT J. MARKS OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS. 
ANTHONY J. VILLANI, P.C., LYONS (ANTHONY J. VILLANI OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Wayne County (Richard M. Healy, A.J.), entered December 22, 2020 in a hybrid CPLR article 78 proceeding. The judgment, inter alia, denied and dismissed the amended petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reinstating and granting the amended petition-complaint insofar as it sought to annul the determination of respondent-defendant Town of Ontario Planning Board to repeal and delete condition No. 2 of the November 14, 2018 Town of Ontario Planning Board resolution and as modified the judgment is affirmed without costs.
Memorandum: Petitioner-plaintiff Aaron Preston owns petitioner-plaintiff 1640 State Route 104, LLC, which operates a nursery and landscaping business. In 2017, Preston submitted a site plan application with respect to the business to respondent-defendant Town of Ontario Planning Board (Planning Board). In 2018, the Planning Board, by resolution, approved that application, with certain conditions, including that, as relevant here, "[t]he applicant may store wood stumps, limbs and clippings, to be regularly processed for landscape mulch," on a certain part of the parcel in question (condition No. 2). Subsequently, Preston submitted a new site plan application seeking to reconfigure the property in an effort to grow the business. Following a determination that the mulching operation required a special permit pursuant to the Code of the Town of Ontario (Town Code), Preston submitted an application for a special permit to the Planning Board and, in 2020, the Planning Board denied that application and repealed and deleted condition No. 2 of the 2018 resolution.
In this hybrid CPLR article 78 proceeding and action under, inter alia, 42 USC § 1983, petitioners-plaintiffs (petitioners) seek in effect to annul the 2020 determinations of the Planning Board denying the application for a special permit to conduct mulching operations on the property and repealing and deleting condition No. 2 of the 2018 resolution. After petitioners filed an amended petition-complaint, respondents-defendants (respondents) answered the amended petition-complaint and cross-petitioned for an injunction enjoining petitioners from conducting mulching operations on the property.
In its oral decision, Supreme Court determined that the Planning Board's determination to deny the application for a special permit was "neither arbitrary nor capricious," but also determined that the Planning Board could not "modify the 2018 plan approval" by repealing and [*2]deleting condition No. 2 of that resolution. The court thus concluded that the Planning Board's determination to "repeal[] and delete[]" condition No. 2 of the 2018 resolution was "invalid." Petitioners now appeal from a judgment that, inter alia, incorporated therein the court's oral decision, but thereafter "denied and dismissed" petitioners' "[amended] [p]etition and [c]omplaint" in its entirety, and enjoined petitioners from using their property for wood mulching.
Preliminarily, to the extent that respondents contend that the appeal should be dismissed because the notice of appeal is defective, we reject that contention. Although the notice of appeal inaccurately refers to the operative pleading of petitioners that was denied and dismissed by the court as the "[p]etition and [c]omplaint," instead of the amended petition-complaint (see generally Basile v Riley, 188 AD3d 1607, 1608 [4th Dept 2020]), we conclude that, absent prejudice to respondents, that defect should be disregarded (see CPLR 2001; Caudill v Rochester Inst. of Tech., 125 AD3d 1392, 1393 [4th Dept 2015]; Green v Associated Med. Professionals of NY, PLLC, 111 AD3d 1430, 1432 [4th Dept 2013]).
As a further preliminary matter, although we agree with the court, for the reasons discussed below, that the Planning Board's determination to deny the special use permit was not arbitrary or capricious and that respondents are entitled to a permanent injunction prohibiting petitioners from conducting wood mulching operations on their property, we nevertheless conclude that there is an inconsistency between the court's oral decision and its judgment insofar as it concerns the Planning Board's determination to repeal and delete condition No. 2 of the 2018 resolution. It is axiomatic that, where a decision and an order or judgment conflict, the decision controls (see Matter of Benderson Dev. Co., LLC v Zoning Bd. of Appeals of City of Utica, 68 AD3d 1814, 1815 [4th Dept 2009]; see also Austin Harvard LLC v City of Canandaigua, 141 AD3d 1158, 1159 [4th Dept 2016]). Here, the court determined in its oral decision that the Planning Board's determination to repeal and delete condition No. 2 of the 2018 resolution should be annulled. In its judgment, however, the court "denied and dismissed" the "[amended] [p]etition and [c]omplaint" in its entirety. We therefore modify the judgment accordingly.
We reject petitioners' contention that the determination denying the application for a special permit was arbitrary and capricious. As noted above, condition No. 2 of the Planning Board's 2018 resolution provided that petitioners could "store wood stumps, limbs and clippings" on a certain section of their property, "to be regularly processed for landscape mulch." Believing that the provision entitled them to conduct mulching operations, petitioners began conducting commercial mulching operations on their property. When Preston thereafter filed a new site plan application, the Town of Ontario Planning Review Committee determined that the mulching operation constituted a " '[l]ight [m]anufacturing' use, . . . requiring a [s]pecial [p]ermit" in accordance with the Town Code. Petitioners did not challenge that determination; instead, Preston filed a special permit application seeking "a special permit to operate a mulch service." The Planning Board, in denying that application, found that the application did not comply with the relevant general and specific requirements of the Town Code.
Initially, we conclude that the Planning Board's interpretation of its 2018 resolution, which the Planning Board was charged to enforce, is entitled to " 'great weight and judicial deference' " inasmuch as it is " 'neither irrational, unreasonable nor inconsistent with the governing statute' " (Matter of Parkway Vil. Equities Corp. v Board of Stds. & Appeals of City of N.Y., 279 AD2d 299, 299 [1st Dept 2001], lv denied 96 NY2d 711 [2001], quoting Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539, 545 [1984]; see generally Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). As a result, we conclude that the Planning Board's interpretation that the 2018 resolution did not permit petitioners to conduct a mulching operation on their property should be upheld.
Furthermore, we note that, although "[t]he inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 243 [1972]; see Matter of George Eastman House, Inc. v Morgan Mgt., LLC, 130 AD3d 1552, 1554 [4th Dept 2015], lv denied 26 NY3d 910 [2015]), "there is no automatic entitlement to a special use permit" (Matter of Monro Muffler/Brake v Town Bd. of Town of Perinton, 222 AD2d 1069, 1069 [4th Dept 1995]). Rather, [*3]petitioners were required to establish that the contemplated use conformed to the conditions or standards imposed by the Town Code (see George Eastman House, Inc., 130 AD3d at 1554; Monro Muffler/Brake, 222 AD2d at 1069). The " '[f]ailure to meet any one of the conditions set forth in the ordinance' provides a rational basis for denying an application for a special use permit" (Matter of Rex v Zoning Bd. of Appeals of Town of Sennett, 195 AD3d 1398, 1399 [4th Dept 2021], quoting Matter of Wegmans Enters. v Lansing, 72 NY2d 1000, 1001 [1988]; see Matter of Frittita v Pax, 251 AD2d 1077, 1077 [4th Dept 1998]). Here, we conclude that, contrary to petitioners' contention, the Planning Board rationally determined that the special permit application failed to comply with the specific and general conditions imposed by the Town Code.
In light of our determination, we further conclude that the court did not err in granting respondents' cross petition insofar as it sought to enjoin petitioners from conducting mulching operations on their property. "The law is by now well settled that an injunction is an appropriate remedy to prevent continuing violations of zoning laws" (Town of Solon v Clark, 97 AD2d 602, 602 [3d Dept 1983]). "Where a town seeks to enforce its building and zoning laws, it is entitled to a permanent injunction upon demonstrating that the party sought to be enjoined is acting in violation of the applicable provisions of local law" (Town of N. E. v Vitiello, 159 AD3d 766, 766 [2d Dept 2018]; see Incorporated Vil. of Sea Cliff v Larrea, 106 AD3d 876, 877 [2d Dept 2013]). Inasmuch as the 2018 resolution did not permit mulching operations and petitioners were properly denied a special use permit, their mulching operation was in violation of the Town Code (cf. Village of Fayetteville v Shaheen, 38 AD3d 1251, 1251 [4th Dept 2007]; Town of Mentz v Crandall, 288 AD2d 841, 842 [4th Dept 2001]; Town Bd. of Town of Ellicott v Lee, 241 AD2d 958, 958-959 [4th Dept 1997]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court