Matter of Ross v Village of Fayetteville (2024 NY Slip Op 06452)

Matter of Ross v Village of Fayetteville

2024 NY Slip Op 06452

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, AND KEANE, JJ.

770 CA 23-01234

[*1]IN THE MATTER OF MARGUERITE A. ROSS, PETITIONER-APPELLANT,
v
VILLAGE OF FAYETTEVILLE, VILLAGE OF FAYETTEVILLE PLANNING BOARD, FOUBU ENVIRONMENTAL SERVICES, LLC, AND NORTHWOOD REAL ESTATE VENTURES, LLC, RESPONDENTS-RESPONDENTS. 

KNAUF SHAW LLP, ROCHESTER (JONATHAN R. TANTILLO OF COUNSEL), FOR PETITIONER-APPELLANT. 
MACKENZIE HUGHES LLP, SYRACUSE (W. BRADLEY HUNT OF COUNSEL), FOR RESPONDENTS-RESPONDENTS VILLAGE OF FAYETTEVILLE AND VILLAGE OF FAYETTEVILLE PLANNING BOARD. 
BARCLAY DAMON LLP, SYRACUSE (KEVIN G. ROE OF COUNSEL), FOR RESPONDENT-RESPONDENT FOUBU ENVIRONMENTAL SERVICES, LLC. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL), FOR RESPONDENT-RESPONDENT NORTHWOOD REAL ESTATE VENTURES, LLC.

 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Danielle M. Fogel, J.), entered July 10, 2023, in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment dismissing her CPLR article 78 petition seeking to annul the determinations of respondent Village of Fayetteville Planning Board (Board) regarding the proposed redevelopment of a vacant manufacturing facility into a grocery store by respondent Northwood Real Estate Ventures, LLC, on property owned by respondent Foubu Environmental Services, LLC (collectively, developers). Supreme Court properly dismissed the petition.
At the outset, we note that "[t]he authority to approve or deny applications for site development plans is generally vested in local planning boards" (Matter of Valentine v McLaughlin, 87 AD3d 1155, 1157 [2d Dept 2011], lv denied 18 NY3d 804 [2012], citing Town Law § 274-a [2] [a]). Judicial review is thus limited to the issue "whether the action taken by the [Planning Board] was illegal, arbitrary, or an abuse of discretion" (Matter of Kempisty v Town of Geddes, 93 AD3d 1167, 1169 [4th Dept 2012], lv denied 19 NY3d 815 [2012], rearg denied 21 NY3d 930 [2013] [internal quotation marks omitted]). A planning board's determination should therefore be sustained so long as it "has a rational basis and is supported by substantial evidence" (Matter of Dietrich v Planning Bd. of Town of W. Seneca, 118 AD3d 1419, 1420 [4th Dept 2014] [internal quotation marks omitted]). Indeed, "[a] 'reviewing court may not substitute its judgment for that of the . . . [Planning Board], even if there is substantial evidence supporting a contrary determination' " (Matter of Violet Realty, Inc. v City of Buffalo Planning Bd., 20 AD3d 901, 902 [4th Dept 2005], lv denied 5 NY3d 713 [2005]).
Petitioner first contends that the Board failed to set forth specific findings of fact when it issued a negative declaration, approved the special use permit, and approved the site plan to improve the property. We reject that contention. "Generally, [f]indings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination" (Matter of Livingston Parkway Assn., Inc. v Town of Amherst Zoning Bd. of Appeals, 114 AD3d 1219, 1219-1220 [4th Dept 2014] [internal quotation marks omitted]). Here, even assuming, arguendo, that the Board did not adequately set forth specific findings of fact, we conclude that the record as a whole—which evinces a protracted review process, during which the developers were repeatedly required to modify and supplement their initial application to satisfy concerns raised by the Board—provides a basis for concluding that there was a rational basis for each of the Board's decisions (see Dietrich, 118 AD3d at 1421; see also Matter of Rex v Zoning Bd. of Appeals of Town of Sennett, 195 AD3d 1398, 1399 [4th Dept 2021]).
Petitioner further contends that the Board failed to comply with the requirements of the State Environmental Quality Review Act (SEQRA) in issuing a negative declaration. We reject that contention inasmuch as the record establishes that the Board "took the requisite hard look and provided a reasoned elaboration of the basis for [its] determination regarding the potential impacts of the [redevelopment]" (Matter of Coalition for Cobbs Hill v City of Rochester, 194 AD3d 1428, 1432 [4th Dept 2021]). Petitioner relatedly contends that the negative declaration was arbitrary and capricious because the Board had issued a positive declaration for an earlier planned redevelopment of the property. We reject that contention because, as the court properly concluded, the proposed project in the present matter is substantially different from the prior plan.
Petitioner next contends that the issuance of the special use permit was arbitrary and capricious. We reject that contention, however, inasmuch as we conclude that the Board made the required findings under section 187-41 (A) (3) of the Fayetteville Zoning Code and that its determination "was not illegal, [had] a rational basis, and [was] not arbitrary and capricious" (Matter of George Eastman House, Inc. v Morgan Mgt., LLC, 130 AD3d 1552, 1553-1554 [4th Dept 2015], lv denied 26 NY3d 910 [2015] [internal quotation marks omitted]).
Petitioner additionally contends that the Board violated the Open Meetings Law by failing to post certain documents "on [its] website to the extent practicable at least [24] hours prior to [each meeting during which the records would be discussed]" (Public Officers Law § 103 [e]). Even assuming, arguendo, that there was a technical violation of the Open Meetings Law, we note that petitioner was actively involved throughout the Board's review process and had, in fact, already commenced a lawsuit, and we agree with the court's conclusion that petitioner has "failed to meet [her] 'burden to show good cause warranting judicial relief' " (Matter of Warren v Planning Bd. of the Town of W. Seneca, 225 AD3d 1248, 1251 [4th Dept 2024]).
We have reviewed petitioner's remaining contentions and conclude that they lack merit.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court